GERSTLER *v.* WEINBERG.

1. MASTER AND SERVANT—NEGLIGENCE—CEMENT CONSTRUCTION—PRESUMPTION FROM ACCIDENT—RES IPSA LOQUITUR.

Removing the curbing from green cement shortly after the wall is constructed and after a heavy rain, whereby the wall falls and injures a servant, evidence being introduced to show that the person removing the curbing was in charge of the work and had been advised of the danger, creates a presumption of negligence in prematurely removing the support.

2. SAME—FELLOW-SERVANT—CEMENT WORK.

The relation of fellow-servant cannot be said, as a matter of law, to exist between the person so removing the support and the injured servant.

Error to Washtenaw; Kinne, J. Submitted February 16, 1910. (Docket No. 32.) Decided March 5, 1910.

Case by Emil Gerstler against Fred C. Weinberg for

personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Lehman, Riggs & Lehman,* for appellant.

*Fred L. Vandeveer,* for appellee.

MOORE, J. This action is brought to recover for injuries received by plaintiff while in the employ of the defendant by the falling of a cellar wall. The trial judge directed a verdict for the reason that plaintiff had failed to show that defendant was negligent. The case is brought here by writ of error.

The defendant had the contract to build the cement walls for a cellar about 20 feet wide and 60 feet long. Thursday morning he commenced to build the north wall. The plaintiff worked at the mixer, but was not at work upon the wall. The wall was built by pouring concrete between curbing, and was one foot thick, backed by an earth filling. The north wall was finished Saturday night. There was testimony that it rained hard on Saturday night and Sunday, and that the rain from an adjoining building was thrown upon the ground adjacent to, and on the outside of, this wall. One of the teamsters employed to draw earth from the cellar testified that on Monday morning the earth was so wet it would not stay on his wagon, and for that reason he suspended his work. On Monday morning plaintiff was directed by a brother of the defendant, who had charge of the work, to assist in removing the curbing on the inside of the wall. As the plaintiff and others were removing the last of the curbing, a large portion of the wall fell into the cellar, and plaintiff was badly hurt. One of the witnesses testified that just before the foreman directed the curbing to be taken away that he told the foreman the wall was too green to take the curbing away. The defendant testified:

"*Q.* What, in your opinion, caused that wall to go down?

"*A.* On account of the rain off the house next to it, which ran in behind the wall and saturated the ground, and made the earth heavy and crowded it over from the outside.

"*Q.* And there was no way to have discovered that?

"*A.* No, sir.

"*Q.* The only way that would have been indicated would be if the wall had been leaning toward the cellar?

"*A.* You could have told by the settling of the dirt or the tipping of the wall."

In *Barnowsky* v. *Helson*, 89 Mich. 523 (50 N. W. 989, 15 L. R. A. 33), Justice MORSE, speaking for the court, said:

" In this case the falling of the roof was in and of itself some evidence that the work of raising it was not being done with the ordinary care and skill. It is true that the mere fact of an injury does not impute negligence on the part of any one, but, where a thing happens which would not ordinarily have occurred if due care had been used, the fact of such happening raises a presumption of negligence in some one. For instance, if the wall of a building falls down and injures a person walking along the street or standing beside the building, the clear presumption is that the building was negligently built, or that it was not kept in a reasonably safe condition after it was erected, since buildings properly constructed do not ordinarily fall of their own weight.    *    *    *    Therefore, without any other showing than that it suddenly gave way, slipped, or tipped to one side, and fell, the presumption is almost conclusive that it fell because it was not sufficiently braced or stayed."

The same principle is stated in *Schoepper* v. *Chemical Co.*, 113 Mich. 582 (71 N. W. 1081), and in the case of *La Fernier* v. *Wrecking Co.*, 129 Mich. 596 (89 N. W. 353), and the many cases cited therein. A cement cellar wall properly constructed would not be expected to fall into the cellar upon the removal of the curbing if it was not prematurely removed. We think it cannot be said, as a matter of law, that no negligence was shown.

It is said the directed verdict should stand because Carl

Weinberg in giving the order to remove the curbing was a fellow-servant of the plaintiff. We think this cannot be said, as a matter of law.

Judgment is reversed, and new trial ordered.

HOOKER, MCALVAY, BROOKE, and STONE, JJ., concurred.