BURGHARDT *v.* DETROIT UNITED RAILWAY.

1. NEGLIGENCE—PROOF—CIRCUMSTANTIAL EVIDENCE—PRIMA FACIE CASE.

   While the happening of an accident alone is not evidence of negligence, it may be established by circumstantial evidence; and where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts, at least a *prima facie* case is made.

2. SAME—STREET RAILWAYS—PERSONAL INJURIES.

   In an action against a street railway company for personal injuries to a pedestrian, caused by the trolley pole falling and striking him as he was passing the car, *held*, that the circumstances, surrounding the accident, unexplained, made a *prima facie* case for the jury.

3. APPEAL AND ERROR—DIRECTED VERDICT.

   Upon a motion to direct a verdict, the evidence and legitimate inferences from the established facts most favorable to the other party must be accepted.

4. NEGLIGENCE — PRIMA FACIE CASE — REBUTTAL — INSPECTION — PROOF.

   To rebut the *prima facie* case made by plaintiff, it was necessary that defendant prove an inspection of the trolley pole in fact; evidence that a system of inspection was established being insufficient.

Error to Wayne; Codd, J.  Submitted April 11, 1919.  (Docket No. 33.)  Decided July 17, 1919.

Case by Ernest C. Burghardt against the Detroit United Railway for personal injuries.  Judgment for defendant on a directed verdict.  Plaintiff brings error.  Reversed.

*Dohany & Dohany,* for appellant.

*Corliss, Leete & Moody (Clark C. Seely,* of counsel), for appellee.

FELLOWS, J. On October 7, 1915, plaintiff while walking to a restaurant in the city of Detroit reached the corner of Gratiot and Farmer. He desired to cross Farmer but a car on the line of defendant was on that street and he waited for it to get by and then started across the street, passing to the rear of the car. The car track here curved both east and west. While passing the rear of the car, plaintiff was struck by the trolley pole which had become loosened in its socket and fell upon him causing injuries, claimed by him to be of a serious and permanent character. For the recovery of the damages thus occasioned he brought this action. At the close of plaintiff's case the court denied defendant's motion for a directed verdict, entertaining the view that the circumstances surrounding the accident were such that a jury might legitimately infer negligence on the part of the defendant and that therefore a *prima facie* case was made, but at the conclusion of the case directed a verdict for the defendant upon the theory that although plaintiff had made a *prima facie* case of negligence such case had been successfully rebutted by defendant's testimony. To review the judgment entered upon the verdict so directed this writ of error was allowed.

To sustain this judgment defendant insists that there was no evidence in the case of negligence on its part; that the happening of the accident alone is not sufficient evidence of negligence to make a case for the jury; that to hold there was sufficient evidence to go to the jury would be to adopt the rule *res ipsa loquitor;* that the trial court was right in directing a verdict for the defendant and should have done so at the close of plaintiff's case.

This court has not adopted the rule *res ipsa loquitor;* we have uniformly held that the happening of the accident alone is not evidence of negligence; and we have as uniformly held that negligence may be estab-

lished by circumstantial evidence, and that where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts that at least a *prima facie* case is made. *Alpern* v. *Churchill,* 53 Mich. 607; *Barnowsky* v. *Helson,* 89 Mich. 523 (15 L. R. A. 33); *La Fernier* v. *Wrecking Co.,* 129 Mich. 596; *Stowell* v. *Standard Oil Co.,* 139 Mich. 18; *Elsey* v. *J. L. Hudson Co.,* 189 Mich. 135 (L. R. A. 1916B, 1284); *O'Donnell* v. *Lange,* 162 Mich. 654; *Harris* v. *Savings Bank,* 187 Mich. 407; *Sewell* v. *Railway,* 158 Mich. 407; *Gerstler* v. *Weinberg,* 160 Mich. 267; *Congdon* v. *Railway Co.,* 179 Mich. 175; *Bayer* v. *Grocholski,* 196 Mich. 325.

In *Barnowski* v. *Helson, supra,* it was said:

"In this case the falling of the roof was in and of itself some evidence that the work of raising it was not being done with the ordinary care and skill. It is true that the mere fact of any injury does not impute negligence on the part of any one, but where a thing happens which would not ordinarily have occurred if due care had been used, the fact of such happening raises a presumption of negligence in some one. * * *

"This roof not properly supported would fall as a natural result of the laws of gravitation, but if properly braced there would be no reason for its falling from that cause, and it would not fall from any other cause without the interposition of the elements or some human agency. Therefore, without any other showing than that it suddenly gave way, slipped or tipped to one side, and fell, the presumption is almost conclusive that it fell because it was not sufficiently braced or stayed."

In *Sewell* v. *Railway, supra,* Mr. Justice MONTGOMERY, speaking for the court, said:

"It is the settled rule of this State that negligence of the defendant must be proved, and that an inference of negligence is not to be drawn from the mere fact of an accident. But it has also been held in numerous cases that the circumstances attending an in-

jury may be such as to justify an inference of negligence. As in the present case, if all that appeared had been that the plaintiff was riding in a car of the defendant under the control of its servants, and the car in which plaintiff was riding continued its course until it collided with another car ahead of it standing still, with sufficient force to push the still car ahead 75 feet, the inference that some one had blundered *prima facie* would be the most natural one to be drawn, and that inference is so clear that it would not require further proof of negligence on the part of the defendant."

We are impressed that under the authorities cited, the accident in the instant case with the circumstances surrounding it, unexplained, made a *prima facie* case for the jury. The trolley pole was a steel tube, 14 feet long, and rested in a socket. It was secured by being clamped into the socket with four bolts, two on either side. The clamps were about eight inches long and were bolted with half inch bolts. There was a nut on each bolt. It was patent that if the pole was properly secured it would not have fallen from the socket. It is equally patent that a proper inspection would readily disclose whether or not it was securely fastened. The defect, if one existed, was not a latent one.

Upon a motion to direct a verdict, the evidence and legitimate inferences from the established facts most favorable to the other party must be accepted. Under the circumstances disclosed by this record, a *prima facie* case was made for the jury to determine, from the unexplained falling of the trolley pole, which admittedly would not have fallen had it been properly secured, and where an inspection would readily have disclosed any defects in it, from the circumstances of the pole falling when the car was moving at a slow rate of speed, from all the surrounding circumstances, the question of negligence on the part of the defendant

company, and that the court could not say as matter of law that the plaintiff's proofs failed to make this question one of fact.

But defendant insists that it has established an inspection and that there being direct proof on the subject, the *prima facie* case, if one was made by the plaintiff, must fail. This was the view entertained by the learned trial judge. Our difficulty in agreeing with this conclusion lies in the fact that there is no competent evidence of an actual inspection of the car in question. The most that can be said of defendant's proof is that it established a system of inspection, inferentially in consonance with good railroading. But the proof does not establish that an inspection was in fact made. Where the duty to inspect exists it is not discharged alone by the adoption of a system of inspection, or the promulgation of a set of rules. The system must be used; the rules must be enforced; the inspection must be made. It was competent for the defendant to show that it had adopted a system of inspection, what that system was, that it comported with the requirements of good railroading, and plaintiff's objections to the introduction of such proof were properly overruled; but to overcome plaintiff's *prima facie* case it was necessary that defendant prove an inspection in fact. This it failed to do. The court therefore was in error in directing a verdict.

The judgment must be reversed and a new trial granted, with costs to plaintiff.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.