WILKOWSKI *v.* GRANT IRON & METAL CO.

NEGLIGENCE—MOTOR-VEHICLE LAW—EVIDENCE—GREAT WEIGHT OF EVIDENCE—COMPLIANCE WITH STATUTE.

In an action for damages to plaintiff's automobile which was struck while standing at the side of the street by a trailer which became detached from defendant's truck, a verdict in favor of plaintiff cannot be said to be against the weight of the evidence, in view of Act No. 236, Pub. Acts 1919, making the striking of a vehicle from the rear *prima facie* negligence, and Act No. 8, Pub. Acts 1919, Extra Session, providing how a trailer must be attached, in the absence of testimony that said statute was complied with.

Error to Wayne; Cross (Orien S.), J., presiding. Submitted June 6, 1922. (Docket No. 21.)   Decided July 20, 1922.

Case in justice's court by Anthony Wilkowski against the Grant Iron & Metal Company for damages to plaintiff's automobile. There was judgment for defendant, and plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Walter Schweikart* (*Jacob A. Tolonen,* of counsel), for appellant.

*Allen, McCarthy, Jones & Cadieux,* for appellee.

Moore, J. This case was commenced in justice's court. It was appealed to the circuit court. After all the testimony was in the defendant moved for a directed verdict. This motion was overruled and the judge charged the jury in part as follows:

"It is the claim of the plaintiff that he left his car at the side of the street, and that a trailer belonging to the defendant became detached from the truck and ran into the rear of plaintiff's car and damaged it. He claims the defendant was guilty of negligence in not having an inspection of the coupling and in not having a proper coupling, in having the trailer overloaded, considering the capacity of the couplings, and the conditions of the road, and he asks a verdict at your hands for the damages he claims to have sustained.

"The defendant claims that the coupling was sufficient; that the same was properly inspected on the day of the collision and was in proper condition; and that the trailer was not overloaded; and that the damages sustained were because of a mere accident for which the defendant is not liable to the plaintiff in any sum.   *   *   *

"The burden of proof in this case is upon the plaintiff, and before he can recover he must prove all the

essential elements in his case by a preponderance of the evidence.   *   *   *

"You are instructed that where a car is struck in the rear, it makes a *prima facie* case of negligence, but this *prima facie* case can be rebutted by proof showing that a proper inspection had been made.   You are instructed that if you find by a preponderance of the evidence that the coupling was insufficient for the load in question or was improperly fastened, then you would be warranted in finding the defendant guilty of negligence.   *   *   *

"If you find that a proper inspection was made of the truck and of the coupling on the day in, question, then your verdict should be for the defendant of no cause of action.   If you find the damages were the result of a pure accident, then the plaintiff cannot recover.   *   *   *

"In addition to your general verdict which you will hand in, there is one special question for you to answer.   You should answer this question by writing the word 'Yes' or the word 'No' in it where it says 'Answer' and the foreman of the jury should sign it just above where it says, 'Foreman' and hand it in with your general verdict.   The question may be answered 'Yes' or 'No.'   You cannot answer 'We don't know.'   You must answer by 'Yes,' or 'No.' "

The special question reads:

"*Q*. Do you find from the testimony that Mr. Berkowitz made an inspection of the truck the day of the accident?

"The jury returned a verdict for $500 in favor of the plaintiff and against the defendant.   The special question was answered 'No.' "

A motion was made for a judgment *non obstante veredicto*, and for a new trial for various reasons, principally that the verdict was against the great weight of the evidence and because no negligence of the defendant was shown.   Both motions were overruled and the case is brought here by writ of error.

In a very long brief counsel for appellant insists

there is no evidence of actionable negligence. It may be well to quote some statutory provisions:

Section 1 of Act No. 236, Pub. Acts 1919, provides:

"In any action in any court in this State when it is shown, by competent evidence, that a vehicle traveling in a certain direction overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this State, the driver or operator of such first mentioned vehicle shall be deemed *prima facie* guilty of negligence. This act shall apply in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator.".

Section 1, Act No. 8, Pub. Acts 1919, Extra Session, reads:

"It is hereby declared to be unlawful to haul any trailer or trailers by or with any motor truck or other motor propelled vehicle, on any of the public highways of this State, except in compliance with the provisions of this act." * * *

Section 2 of the same act reads:

"All trailers hauled by or with any motor truck, or other motor propelled vehicle, must be so attached to such truck or vehicle, and to each other if more than one trailer is hauled, with such form of coupling device as will prevent such trailer or trailers from being deflected more than six inches from the path of the towing vehicle's wheels. Trailers must also be connected to the towed vehicle, or to each other, by suitable safety chains, one on each side of the coupling. Each such chain so used shall be of sufficient strength to haul the trailers when loaded." * * *

The plaintiff testified in effect that he left his automobile at the curb while he went into a restaurant to get breakfast; that he heard a noise and that on going to the street he saw a big truck; that his car had been moved about 50 feet and a trailer was against the back of it, and his automobile was badly smashed so that the repairs cost him $537.34. Two

witnesses were sworn on the part of the defendant, the driver of the car and the boss of the garage and yard.   Each of them gave his version of what happened in the yard before the truck had left it.   No one testified there were chains connecting the truck with the trailer.

In view of the provisions of the statute there was an abundance of testimony to justify the verdict.   See *Burghardt* v. *Railway*, 206 Mich. 545 (5 A. L. R. 1333).

The other assignments of error have been examined but do not call for discussion.

Judgment is affirmed, with costs to the appellee.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.