## LIPSITZ v. SCHECHTER.

1. NEGLIGENCE—BURDEN OF PROOF—FALLING SCREEN.

    Burden of proof of defendants' alleged negligence is on plaintiff who sought damages from employer's landlord for injuries sustained when screen fell upon her from a fourth-floor window.

2. SAME—BURDEN OF PROOF—RES IPSA LOQUITUR.

    Proof of an accident alone is not sufficient to sustain a plaintiff's burden of proof in a negligence case, the doctrine of *res ipsa loquitur* not being followed in this State.

3. SAME—FALLING SCREEN—PROXIMATE CAUSE.

    Plaintiff in action for injuries received when a screen from a fourth-floor window of defendants' apartment house fell upon her as she and her employer were leaving the building was not entitled to have issue of defendant owners' negligence submitted to jury, where there was no evidence that the falling screen resulted from or was proximately caused by some negligent act or omission for which defendants were responsible, the Court of Appeals being left to speculate as to the reason for the accident.

4. SAME—DIRECTED VERDICT—BURDEN OF PROOF.

    Defendants' motion for directed verdict or judgment *non obstante veredicto* should have been granted when plaintiff failed to sustain her burden of proof of defendants' negligence proximately causing her injuries.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence § 146.
    38 Am Jur, Negligence § 285.
[2] 38 Am Jur, Negligence §§ 295, 301.
[3] 38 Am Jur, Negligence § 351.
[4] 30A Am Jur, Judgments §§ 292, 297.
    38 Am Jur, Negligence § 344.

(137)

Appeal from Wayne; Brown (Charles L.), J. presiding. Submitted Division 1 January 14, 1965, at Detroit. (Docket No. 229.) Decided May 17, 1965. Leave to appeal granted by Supreme Court July 20, 1965.

Declaration by Florence Lipsitz against Hyman Schechter, Lillian Schechter, Harry Schechter, Martha Schechter, and Rose Schechter, survivor of herself and her deceased husband, Morris Schechter, for injuries sustained when a window screen fell on her from a window in an apartment building owned by defendants. Verdict and judgment for plaintiff. Defendants appeal. Reversed.

*Charles Rubinoff*, for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock (John D. Peacock* and *Charles T. McGorisk*, of counsel), for defendants.

J. H. GILLIS, J. Plaintiff, Florence Lipsitz, was employed as a nurse-housekeeper by a tenant in defendants' apartment building and lived with her employer in her employer's apartment.

On the afternoon of June 28, 1962, plaintiff and her employer left defendants' apartment building by a rear door. As she was closing the door, plaintiff was struck by a screen which fell from a window of apartment 402 on the fourth floor. There was no claim that there was anyone in the apartment at the time the screen fell. The lessees of apartment 402 are not parties to this action.

Plaintiff sued the lessor-owners for the injuries sustained when struck by the falling screen. At trial after plaintiff completed her case defendants moved for a directed verdict. The trial court re-

served decision on the motion.[1] The defendants rested without offering evidence. The jury returned a verdict of $10,000 for plaintiff. Defendants' motions for directed verdict and judgment notwithstanding the verdict were denied and the court entered judgment on the verdict. Defendants appeal, contending that the trial court erred in denying their motions.

Plaintiff's declaration alleged that defendants, as owners of the building, exercised control over the entrances and exits of the building, the sidewalks and grounds around it, and the equipment, such as fixtures, screens, and appurtenances of the building. The declaration charged that defendants failed to maintain the apartment building, its fixtures, and the areas around the apartment building in a reasonably safe and proper manner.

The specific act of negligence alleged in the declaration was defendants' failure to properly fasten the screen which permitted it to fall from apartment 402 causing the injuries complained of.

A thorough review of the transcript of testimony has convinced us that plaintiff has proved no more than the happening of an unfortunate accident. The burden of proof of defendants' alleged negligence was on plaintiff. Proof of the accident alone was not sufficient. The rule of *res ipsa loquitur* is not followed in this jurisdiction. *Mitchell* v. *Stroh Brewery Company* (1944), 309 Mich 231. In the absence of competent evidence that the falling screen resulted from or was proximately caused by some negligent

[1] At the time of trial (February 17–24, 1964), the Empson act (CL 1948, § 691.691 *et seq.* [Stat Ann § 27.1462 *et seq.*]) had been repealed by section 9901 (CLS 1961, § 600.9901 [Stat Ann 1962 Rev § 27A.9901]) of the revised judicature act, PA 1961, No 236 (CLS 1961, § 600.101 *et seq.* [Stat Ann 1962 Rev § 27A.101 *et seq.*]), which became effective January 1, 1963. The former practice of reserving decision of motions for directed verdict under the Empson act is continued under GCR 1963, 515.2. See extensive comments on this rule in 2 Honigman & Hawkins, Michigan Court Rules Annotated, Rule 515.

act or omission for which defendants were responsible, plaintiff was not entitled to have her case submitted to a jury. *Otto* v. *Hansen Lumber Corp.* (1951), 331 Mich 37.

Plaintiff's witnesses testified to the condition of the screens in plaintiff's employer's first floor apartment only. The testimony disclosed that plaintiff's employer hired her own window washers who lifted or removed the screens when the windows were washed.

There is no testimony in the record before us that would indicate any defective condition existing in the screen which struck the plaintiff nor is there any testimony to indicate defective fasteners attached to the screen or to the building. There is no testimony from the occupants of apartment 402, from the person or persons who washed the windows or from the janitor of the apartment building, who perhaps could have shed more light on this case. There are no depositions from any of the above parties and this Court is left to speculate as to the reasons for this unfortunate accident.

The trial court should have directed a verdict for the defendants.

Judgment reversed. Costs to appellants.

LESINSKI, C. J., and WATTS, J., concurred.