## LIPSITZ *v.* SCHECHTER.

1. LANDLORD AND TENANT—CONTROL—TENANT'S INVITEES.
    Control of the premises is element of prime importance in determining common-law duty of care owed by a landlord to tenant's employee-invitee.

2. SAME—EFFECT OF LEASE.
    Landlord's common-law duty of care to invitee is predicated upon concept that a lease is equivalent to a sale.

3. SAME—SURRENDER OF POSSESSION—CONTROL.
    Lessor owes no duty to invitee of lessee where he surrenders possession of premises and holds only a reversionary interest, since, under such circumstances, he is under no obligation to look after or keep in repair premises over which he has no control.

4. SAME—REPAIRS—CONTROL—INVITEES.
    Landlord's common-law duty to keep in safe condition any portion of a building under his control extends to tenant's employee-invitees.

5. SAME—CONTROL—REPAIR—TENANT'S INVITEE—WINDOW SCREEN.
    Window screen secured to upper story window of apartment house and occasionally removed by landlord's janitor to wash window, *held,* subject to control by defendant landlord requiring him to exercise reasonable care to remedy defects constituting a hazard to tenant's employee-invitee, where tenants of apartment from which screen fell were absent at the time.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 32 Am Jur, Landlord and Tenant §§ 665, 684, 818, 821.
[4] 32 Am Jur, Landlord and Tenant §§ 768–770.
[5] 32 Am Jur, Landlord and Tenant § 773.
    Liability of owner or occupant of building for personal injury or death of person in street resulting from objects falling or thrown from building interior. 97 ALR2d 1431.
[6] 32 Am Jur, Landlord and Tenant §§ 724, 725.
[7] 38 Am Jur, Negligence § 332 *et seq.*

6. Same—Constructive Notice of Defective Condition—Questions for Jury.

Whether landlord had constructive notice of defective condition of screen for upper story window *held,* a matter for jury in action by first floor tenant's invitee who was injured when screen fell, where jury could find reasonable supervision would have given defendant notice of the defective condition, and there was evidence screens were dilapidated.

7. Negligence—Evidence.

Issue of defendant's negligence is determined from an examination of all of the evidence, circumstantial or direct.

Appeal from Court of Appeals, Division 1; Lesinski, C. J., and J. H. Gillis, and Watts, JJ., reversing Wayne, Brown (Charles L.), J., presiding. Submitted November 4, 1965. (Calendar No. 15, Docket No. 51,254.) Decided May 10, 1966.

1 Mich App 137, reversed.

Declaration by Florence Lipsitz against Hyman Schechter, Lillian Schechter, Harry Schechter, Martha Schechter, and Rose Schechter, survivor of herself and her deceased husband, Morris Schechter, for injuries sustained when a window screen fell on her from a window in an apartment building owned by defendants. Verdict and judgment for plaintiff in trial court. Judgment reversed by Court of Appeals. Plaintiff appeals. Reversed. Judgment of trial court affirmed.

*Charles Rubinoff,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock (John D. Peacock* and *Charles T. McGorisk,* of counsel), for defendants.

Adams, J. On the afternoon of June 28, 1962, plaintiff, a 72-year-old practical nurse, started to

take her 84-year-old employer for a walk. They left defendants' 4-story apartment building by a commonly used rear exit.

As to what then happened, Mary Watson, a next-door resident, testified:

"I saw this screen window falling. And this lady was coming out with her companion, and I screamed, but they didn't hear me because they didn't know why I was screaming. I just looked up and screamed, because I saw the screen was falling and that they was coming out, it was coming down so fast that they wouldn't have had time to really get out of the way of the screen."

Plaintiff was struck by the screen, suffering serious injuries.

I

Leave was granted to appeal from decision of the Court of Appeals, *Lipsitz* v. *Schechter*, 1 Mich App 137, reversing a jury verdict for plaintiff. The first question is the nature of the duty owed by defendants to plaintiff. At common law, a landlord's duty depends upon the facts and circumstances of each case. The element of control is of prime importance. *Huey* v. *Barton,* 328 Mich 584, 588; 52 CJS, Landlord and Tenant, § 427, p 100. The common-law duty is predicated upon the concept that a lease is equivalent to a sale. The lessor, absent agreement to the contrary, surrenders possession and holds only a reversionary interest. Under such circumstances, he is under no obligation to look after or keep in repair premises over which he has no control. Prosser, Torts (3d ed), § 63, pp 411, 412; Harkrider, Tort Liability of a Landlord, 26 Mich L Rev 260, 383.

An exception to the general lack of obligation is that a landlord has a duty to keep in safe condition

any portion of a building under his control. *Butler*
v. *Watson,* 193 Mich 322, 328 (16 NCCA 1013); An-
notation, Landlord's liability for injury or death due
to defects in exterior stairs, passageways, areas, or
structures used in common by tenants, 26 ALR2d
468, 531. The duty extends to a tenant's invitees,
such as plaintiff. *Siegel* v. *Detroit City Ice & Fuel
Company,* 324 Mich 205, 214, 215.

In this case, injury occurred on a part of the
premises used by all tenants. The trial judge, on
motion for directed verdict, held that the duty to
keep the area in safe condition included the duty
to see that objects attached to the building did not
fall. Defendants have cited the text to 52 CJS,
Landlord and Tenant, § 427, p 100, to support their
contention that the landlord's duty does not extend
this far. The cited cases involve fixtures attached
by the tenant to the exterior of the building or
flowerpots and other items left by the tenant on a
window ledge.

No act of a tenant is involved here. Plaintiff
alleged control of the window screens by defendants.
Defendants admitted they secured the screens to the
building. Their janitor occasionally removed the
screens to wash the windows. There was evidence
of control over the area in which the screen fell and
also of control over the screen. Consequently, we
need only decide whether there was a duty to plain-
tiff with regard to the screen.

Cases dealing with this question are collected in
Annotation, Landlord's liability, et cetera, *supra,*
531, 602. In general, where control is found, the land-
lord is held liable for breach of his duty to exercise
reasonable care to keep the premises in safe con-
dition. One case in which the landlord was held
liable involved a tenant who was injured by a screen
that fell because of a defective hook fastening of

which the owner had notice. *Howe* v. *Howe,* 266 App Div 799 (42 NYS2d 15), leave to appeal denied, 266 App Div 874 (43 NYS2d 636).

*Detzur* v. *Stroh Brewing Co.,* 119 Mich 282 (44 LRA 500, 5 Am Neg Rep 371), is a relevant Michigan case, minus the landlord-tenant relationship. Plaintiff was injured by a piece of glass that fell from defendant's building. There was testimony that a window had been broken for some weeks prior to the accident. The Court found the owner liable, implying a duty to remedy defects that should have come to its attention.

In the instant case, the landlords had a duty to exercise reasonable care to remedy defects that might constitute a hazard in those areas of the building under their control which had, or should have, come to their attention.

## II

The parties stipulated that the question of notice should be limited to whether there was constructive notice. Consequently, the issue was not one of actual notice but whether reasonable supervision would have given notice of a defect. *Rhoades* v. *Seidel,* 139 Mich 608, 609 (18 Am Neg Rep 135); *Annis* v. *Britton,* 232 Mich 291, 294.

Subdivision III of this opinion details testimony relevant to breach of the landlord's duty. Much of that testimony is relevant to the question of constructive notice. It is reasonably foreseeable that, if a screen is placed in a window and left there indefinitely, sooner or later it is likely to fall. A jury could find that the defendants would have had notice of a defective condition of the screen if there had been reasonable supervision.

## III

The defendants' final argument is that:

"There was no evidence introduced to make out a factual question for the jury as to defendants' negligence being the proximate cause of this accident."

In reversing the trial judge, the Court of Appeals relied heavily upon this point, noting that proof of an accident alone is insufficient to establish negligence. The Court of Appeals opinion stated:

"There is no testimony in the record before us that would indicate any defective condition existing in the screen which struck the plaintiff." *Lipsitz* v. *Schechter, supra,* p 140.

We have lately considered the doctrine of *res ipsa loquitur* in *Gadde* v. *Michigan Consolidated Gas Company,* 377 Mich 117. The question here, as in that case, is whether, in the light of *all of the evidence*—circumstantial, direct, or whatsoever it may be, the plaintiff has produced sufficient evidence from which a jury might make a finding of negligence.

In *Burghardt* v. *Detroit United Railway,* 206 Mich 545, 548 (5 ALR 1333), where plaintiff was injured by a trolley pole that had loosened in its socket and fell upon him, Justice Fellows said:

"It was patent that if the pole was properly secured it would not have fallen from the socket. It is equally patent that a proper inspection would readily disclose whether or not it was securely fastened. The defect, if one existed, was not a latent one. * * *

"Under the circumstances disclosed by this record, a prima facie case was made for the jury to determine, from the unexplained falling of the trolley pole, which admittedly would not have fallen had

it been properly secured, and where an inspection would readily have disclosed any defects in it, from the circumstances of the pole falling when the car was moving at a slow rate of speed, from all the surrounding circumstances, the question of negligence on the part of the defendant company, and that the court could not say as a matter of law that the plaintiff's proofs failed to make this question one of fact."

In *Barnowsky* v. *Helson,* 89 Mich 523, 526, 527 (15 LRA 33), where the roof of a building suddenly gave way and fell, the Court said:

"This roof not properly supported would fall as a natural result of the laws of gravitation, but if properly braced there would be no reason for its falling from that cause, and it would not fall from any other cause without the interposition of the elements or some human agency. Therefore, without any other showing than that it suddenly gave way, slipped or tipped to one side, and fell, the presumption is almost conclusive that it fell because it was not sufficiently braced or stayed. The defendant made no showing to explain why it fell, and the case should have been submitted upon the plaintiff's proof."

See, also, *Detzur* v. *Stroh Brewing Co., supra,* 284, 285.

In this case it seems equally evident that the screen, if it had been properly secured, would not have fallen. The trial judge noted that the angle at which the screen fell would be consistent with a theory that the fastenings gave way. The testimony of Mary Watson was that for 10–1/2 years the screens were never taken down. Plaintiff testified that during the two years she lived in the building the screens were never taken off except when the windows were washed, that the screens were dilapidated, that they were so worn and ill-fitting it was

necessary for her to use a rolled-up newspaper to keep out flies in the summer and snow in the winter. She never saw the screens painted or repaired. There was testimony going to general neglect of the building and failure to make needed repairs. All of this testimony would tend to indicate that the fastenings loosened with age. The dwellers in the apartment from whose window the screen fell were not home at the time, eliminating them as a possible reason for it falling.

There was a factual issue from which a jury might infer that the screen fell because of failure of the landlords to inspect and maintain it in good repair. The trial judge did not err in denying the motions for directed verdict and for judgment notwithstanding the verdict. The judgment of the Court of Appeals is reversed. The judgment of the trial court is affirmed. Costs to plaintiff.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, and O'HARA, JJ., concurred with ADAMS, J.

BLACK and SMITH, JJ., concurred in result.