902 F.2d 1568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lillian BROWN, Plaintiff-Appellant,
v.
OTIS ELEVATOR COMPANY, Defendant-Appellee.
 No. 89-1729.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's summary dismissal of her product liability suit. Plaintiff asserts that, in Michigan, summary judgment in favor of a manufacturer is precluded where discovery demonstrates the occurrence of an accident involving the manufacturer's product. We believe this mischaracterizes Michigan law and we affirm the district court's decision.
 
 I.
 
 2
 On June 24, 1988, Lillian Brown, a janitress, was injured while cleaning the inside of an elevator car manufactured by the Otis Elevator Company ("Otis"). According to Ms. Brown, the elevator doors closed on her knee as she attempted to "break" the beam of light that controls the doors. She sued Otis in state court, claiming numerous theories of negligence. Otis, a New Jersey corporation, removed the case to federal court on diversity grounds. See 28 U.S.C. Sec. 1332.
 
 
 3
 After the close of discovery, Otis moved for summary judgment pursuant to Fed.R.Civ.P. 56 because Ms. Brown produced no evidence that the elevator malfunctioned, named no expert who would opine that the elevator was defectively designed, and could offer no evidence that the elevator was unsafe or dangerous. Aside from her own testimony, Ms. Brown offered only two pre-June 24, 1989 maintenance call sheets reporting that the elevator had twice stuck between floors. After a hearing, the district court granted Otis' motion to dismiss for summary judgment.
 
 
 4
 Plaintiff appeals that decision, requiring us to review the matter de novo. See Burkart v. Post-Browning, Inc., 859 F.2d 1245, 1249 (6th Cir.1988). We must determine whether, viewing the evidence in a light most favorable to Ms. Brown, there is a genuine issue as to any material fact precluding Otis from entitlement to a judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Michigan substantive law applies. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).
 
 II.
 
 5
 Ms. Brown claims the district court erred in dismissing her suit because a jury, properly instructed, could infer Otis' negligence from the fact that Ms. Brown was injured by the door. She does not dispute that she bore the burden of proving that Otis owed her a duty with regard to the safety of the elevator, that Otis breached its duty, that such breach was a proximate cause of her injury, and that she sustained compensable damages. See Hartford Fire Ins. Co. v. Walter Kidde & Co., 120 Mich.App. 283, 291-92, 328 N.W.2d 29 (1982). Rather, plaintiff asserts that under Michigan's "circumstantial evidence of negligence" version of res ipsa loquitur, recently endorsed by the Michigan Supreme Court in Jones v. Porretta, 428 Mich. 132, 150, 405 N.W.2d 863 (1987), despite her failure to provide evidence of any specific breach of duty by Otis, summary judgment will not lie.
 
 
 6
 Ms. Brown relies primarily on Conerly v. Liptzen, 41 Mich.App. 238, 199 N.W.2d 833 (1972). In Conerly, plaintiff sued a building owner after being injured while riding the building's elevator. Plaintiff proved that while she was inside the elevator and after she pressed a button for the main floor the elevator plummeted four floors. She saw sparks fly, and smelled something like rubber burning. On that evidence, the jury found for the plaintiff. The owner sought a judgment notwithstanding the verdict, and/or a new trial, contending that the plaintiff did not meet her burden of showing "what caused her injuries [since] ... mere testimony that the elevator fell was not sufficient to sustain that burden." Id. at 240, 199 N.W.2d at 835. The trial court denied the motions.
 
 
 7
 On review, the Michigan Court of Appeals affirmed the trial court's denial. The court said the key question to be asked in applying Michigan's "circumstantial evidence of negligence" theory is " 'whether, in the light of all of the evidence--circumstantial, direct, or whatsoever it may be, the plaintiff has produced sufficient evidence from which a jury might make a finding of negligence.' " Conerly, 41 Mich.App. at 242, 199 N.W.2d at 835 (quoting Lipsitz v. Schechter, 377 Mich. 685, 142 N.W.2d 1 (1966), and relying on Gadde v. Michigan Consolidated Gas, 377 Mich. 117, 139 N.W.2d 722 (1966), and Schedlbauer v. Chris-Craft Corp., 381 Mich. 217, 160 N.W.2d 889 (1968)).
 
 
 8
 Contrary to plaintiff's contention, Conerly and the three Michigan Supreme Court decisions cited therein do not stand for the proposition that the "circumstantial evidence of negligence" theory guarantees jury triable issues in cases where a plaintiff submits no evidence of negligence. Unlike the traditional doctrine of res ipsa loquitur as it is understood in most jurisdictions, Michigan's version does not stand for the proposition that upon the mere happening of an accident not otherwise explained and unlikely to occure save for some kind of negligence, prima facie tort liability is established. "Res ipsa loquitur" in Michigan, as is made clear by the Michigan Supreme Court in Poretta and earlier cases, does not excuse the requirement that some "circumstantial evidence of negligence" be shown in order to preclude summary judgment.
 
 
 9
 [In Lipsitz, Gadde, and Schedlbauer ], the Supreme Court ... reversed decisions of the trial court or this Court holding that plaintiff had not established defendant's negligence or the cause of plaintiff's injury.... In each of these cases, however, there was evidence of, or the evidence permitted an inference of, a relatively specific cause of defendant's injury; plaintiff, in other words, showed more than a mere accident.
 
 
 10
 Conerly, 41 Mich.App. at 243, 199 N.W.2d at 836 (emphasis added).
 
 
 11
 In this case, assuming all the evidence most favorably to her, Ms. Brown has shown no more than the occurrence of "a mere accident." She has produced no evidence suggesting that the elevator malfunctioned on June 24, 1988, nor has she offered any evidence that the elevator was defectively designed. Her proofs do not present an issue of fact as to whether the elevator doors did anything they were not supposed to do.
 
 III.
 
 12
 We recognize that, "[s]ummary judgment is rarely appropriate in controversies governed by a negligence standard...." Ashby v. Hustler Magazine, Inc., 802 F.2d 856, 858 (6th Cir.1986). But, "Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 13
 Because we believe plaintiff failed to make any showing of a genuine issue of material fact showing any breach of duty by Otis, we AFFIRM the district court's judgment of dismissal.