**Mary E. McLENNAN, Plaintiff,**

v.

**HOME DEPOT U.S.A., INC., A Delaware Corporation, Defendant.**

**No. 97–CV–76165–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

June 29, 1998.

Rick J. Nelson, Dearborn, MI, for Plaintiff.

Charles DeWitt, Jr., William Vincent, Detroit, MI, for Defendant.

### *OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

DUGGAN, District Judge.

This matter is currently before the Court on defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). Plaintiff has filed a response and brief in opposition to defendant's motion. A hearing on this motion was held on June 18, 1998. For the reasons that follow, the Court denies defendant's motion for summary judgment.

#### *Background*

This case arises out of an incident that took place on May 25, 1997 at the Home Depot store in Harper Woods, Michigan. Plaintiff was shopping for bricks at Home Depot with her sister when she was severely injured. The injury occurred while plaintiff was bending down arranging bricks on the floor when bricks fell from the shelf striking plaintiff in the head. When the bricks, fell no one was touching the stack. A "pop"

sound was heard just before the bricks fell. The bricks were displayed with a thin metal band wrapped around them.

Defendant argues that summary judgment is proper because there is no evidence that an unsafe condition existed on defendant's premises or that such condition caused plaintiff's alleged injury. Defendant also claims that plaintiff could have avoided the injury by exercising ordinary care for her own safety. Defendant further argues that plaintiff's evidence of causation is based upon mere speculation and conjecture and, as a matter of law, is not adequate to establish liability. As a result, defendant claims there is no genuine issue of material fact present for plaintiff's negligence claim to survive a motion for summary judgment.

Plaintiff counters that there is circumstantial evidence from which a reasonable juror could conclude that an unsafe condition existed on defendant's premises. This evidence includes that of the "pop" sound heard just prior to the falling of the bricks. Plaintiff claims that it can be concluded that the "pop" sound was that of the metal band breaking, thus causing the bricks to fall. Plaintiff also claims that she relied on the security and safety of the metal band to hold the bricks together and did not perceive any danger where she would need to exercise care. Lastly, plaintiff argues that there is one theory of causation indicating a logical sequence of cause and effect where a reasonable inference can be drawn that the bricks fell because the wire band broke and that defendant was negligent in this manner.

The Court finds that defendant's motion for summary judgment must be denied for the reasons that follow.

### Standard of Review

Fed.R.Civ.P. 56(c) provides that summary judgment is proper "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is not proper if a dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby,* 477

U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must view the evidence in a light most favorable to the nonmoving party, and draw all reasonable inferences in the nonmoving party's favor. *See Id.* at 255, 106 S.Ct. 2505. If, after adequate time for discovery, the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *See Celotex v. Catrett,* 477 U.S. at 317, 322–24, 106 S.Ct. 2548 (1986).

### Analysis

### Duty Of The Business Invitor

The Court of Appeals of Michigan defined the scope of the duty owed to invitees in *Conerly v. Liptzen:*

"The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use."

41 Mich.App. 238, 241–42, 199 N.W.2d 833 (1972) (quoting *Prosser, Torts* 402–3 (3d ed.)).

However, the above rules only set out the duty and the conduct necessary to fulfill those duties. *See Conerly,* 41 Mich.App. at 242, 199 N.W.2d 833. It is still necessary for plaintiff to show that defendant's negligence caused, or substantially caused, the alleged injury. *See id.*

### Evidence That An Unsafe Condition Existed On Defendant's Premises

Defendant claims that plaintiff has no evidence that an unsafe condition existed on defendant's premises and therefore summary judgment is appropriate. However, plaintiff counters in her supplemental brief that an

unsafe or defective condition did in fact exist on defendant's premises. In support of that claim, plaintiff has provided a safety consultant's report. (*See* Pl.'s Ex. B). This report states that the bricks were not displayed in a safe and reasonable manner. The report also provides for alternative ways the bricks should have been stored to provide more safety for customers. For example, the safety consultant states that the bricks should have been retained with a shrink wrap or customers should have been provided with a protective overhead barrier or hard hat protection. This testimony, if presented to the trier of fact and believed by the trier of fact, could support a conclusion that an unsafe condition existed on defendant's premises.

### Evidence That Defendant's Negligence Was A Proximate Cause Of Plaintiff's Injuries

■ Defendant claims that because plaintiff does not know what caused the bricks to fall, plaintiff cannot prove that any negligence on the part of defendant was a proximate cause of plaintiff's injuries. However, in past years Michigan courts have considered the doctrine of res ipsa loquitur. Even though Michigan does not purport to follow the doctrine of res ipsa loquitur, "it achieves the same result by allowing negligence to be inferred from circumstantial evidence." *Id.* The rule of circumstantial evidence allows "a presumption or permit an inference of negligence in cases where the circumstances involved are such as would otherwise be within the application of the [res ipsa loquitur] rule." *Macres v. Coca–Cola Bottling Co.,* 290 Mich. 567, 571, 287 N.W. 922 (1939). The doctrine of res ipsa loquitur involves the following elements:

1. The event must be of a kind which ordinarily does not occur in the absence of someone's negligence.

2. The event must have been caused by an agency or instrumentality within the exclusive control of the defendant.[1]

3. The event must not have been due to any voluntary action or contribution on the part of the plaintiff.

4. Evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff.

*Gadde v. Michigan Consolidated Gas Co.,* 377 Mich. 117, 124, 139 N.W.2d 722 (1966).

■ The central inquiry for the rule of circumstantial evidence is whether, "in light of all the evidence—circumstantial, direct, or whatsoever it may be, the plaintiff has produced sufficient evidence from which a jury might make a finding of negligence." *Lipsitz v. Schechter,* 377 Mich. 685, 690, 142 N.W.2d 1 (1966). Under Michigan's doctrine of circumstantial evidence " 'negligence may be established by circumstantial evidence, and that, where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts, that at least a prima facie case is made.' " *Gadde* 377 Mich. at 121–122, 139 N.W.2d 722 (quoting *Burghardt v. Detroit United Railway,* 206 Mich. 545, 546–547, 173 N.W. 360 (1919)).

In *Burghardt,* the plaintiff was injured by a trolley pole that had fallen on him. The court held that under the unexplained circumstances, the accident made a prima facie case for the jury. *See id.* at 548, 173 N.W. 360. The court found that "[i]t is patent that if the pole was properly secured it would not have fallen from the socket. It is equally patent that a proper inspection would readily disclose whether or not it was securely fastened." *Id.* Upon a motion to direct a verdict, the court stated that the evidence and legitimate inferences from the established facts most favorable to the nonmoving party must be accepted and the plaintiff had established a prima facie case for the jury to determine. *See id.*

In *Lipsitz v. Schechter,* 377 Mich. 685, 142 N.W.2d 1 (1966), the Michigan Supreme Court reversed the decision of the Court of Appeals, which relied on the lack of testimony of a defective condition existing in a screen that struck the plaintiff when it determined there was not enough evidence to establish negligence. *See id.* at 691, 142 N.W.2d 1. However, in reversing that opinion, the Supreme Court applied the facts and

---

1. "[B]ut negligence may exist on the part of a defendant without exclusive control depending upon the total circumstances of a given case."

*Gadde v. Michigan Consolidated Gas Co.,* 377 Mich. 117, 124–125, 139 N.W.2d 722 (1966).

testimony under the circumstantial evidence rule and determined that based on the testimony there was a factual issue from which the jury might infer that the screen fell because of the failure of the landlords to inspect and maintain it in good repair. *See id.* at 691–92, 142 N.W.2d 1.

■ Applying the above principles to the instant facts in the light most favorable to the plaintiff, a jury might infer negligence from the evidence presented. First, this is the type of event that does not occur in the absence of someone's negligence. Bricks should not fall if properly stacked and secured.[2] Securing the bricks and maintaining their display in good repair is the duty of the business invitor. The testimony of the plaintiff provides that no one was touching the bricks when they fell. The testimony of the witness provides that a "pop" sound was heard just prior to the bricks falling. All of this testimony could lead to the reasonable inference that the bricks fell from the banded area after the wire band broke. These circumstances together with the safety inspector's report place this case in the field of legitimate inferences for at least a prima facie case to be made. In addition, the true explanation could more readily be accessible to the defendant and defendant has made no showing to explain why the bricks fell.[3] Therefore, there is a factual issue from which a jury might infer that the bricks fell because of the failure of the business invitor to sufficiently brace them when displayed and inspect them for customers' safety.

### The Exercise of Ordinary Care And Prudence For Plaintiff's Own Safety

Defendant claims that plaintiff failed to exercise ordinary care for her own safety when she failed to ask Home Depot associates for assistance and chose to handle the bricks herself. Defendant further argues that the brick display was an open and obvious danger for which defendant owed no duty to warn or protect and that the plaintiff was expected to discover the defect herself. Defendant cites *Bertrand v. Alan Ford, Inc.,* 449 Mich. 606, 616, 537 N.W.2d 185 (1995), which states that summary disposition is proper where the danger is so open and obvious that "a reasonably prudent person will look where he is going, will observe the [defect], and will take appropriate care for his own safety." (Def.'s Br. at 13).

■ However, a stack of bricks secured with a metal band may not be an open and obvious danger to a reasonably prudent person. Plaintiff testified at her deposition that the bricks appeared to be "stacked properly" and that she was not concerned about how the bricks were stacked. (Def.'s Ex. 1 at 71).[4] The facts taken in the light most favorable to the plaintiff may not support an open and obvious defense in this case. Based on these facts, whether a reasonably prudent person would have been able to discover the danger and the risk presented by the stack of banded bricks is an issue to be left for the jury.

In sum, the Court is not satisfied, based on the evidence and information presented in support of and in opposition to the motion for summary judgment, that it would be proper for this Court to rule, as a matter of law, that plaintiff is not entitled to relief. If, after completion of plaintiff's proofs, defendant believes that sufficient evidence has not been presented that would warrant the case being presented to the jury, defendant will have

2. The Court is not concluding that the bricks that struck plaintiff necessarily came from the "stacked" bricks; however, if the jury accepts plaintiff's testimony, a reasonable jury *could* conclude that they did, in fact, come from the stacked bricks.

3. Whether or not this "prong" of the *"res ipsa loquitur"* doctrine is applicable (see page 839, *supra* ) should best be determined after a presentation of proofs. The facts presented to the Court, at this time, reveal that store personnel were aware of plaintiff's injury and it certainly would be reasonable for the store to inspect the area where the injury occurred to assure that no dangerous condition existed. If such inspection took place, it would have revealed whether or not the stack of bricks was still properly banded after the accident.

4. Defendant argued at the hearing on June 18, 1998 that this supports defendant's contention that the bricks were properly stacked and/or secured. This Court disagrees. While it may have "appeared" to plaintiff (a lay person) that they were properly secured, this does not mean that, in fact, they were properly secured. It does, however, support a conclusion that the "danger" was not open and obvious to a reasonably prudent person.

the opportunity to present the appropriate motion.

For the reasons set forth above,

**IT IS ORDERED** that defendant's motion for summary judgment is **DENIED**.