ALBERT HALL, DRAIN COMMISSIONER v. EDWARD E. PALMER
ET AL.

*Statutory actions—Cost of drain proceedings.*

1. One who relies on a statutory right of action must come within its terms by showing that the facts exist on which the liability arises.

2 The cost of drain proceedings can be recovered by the drain commissioner in assumpsit against the petitioners for the drain, if special commissioners shall find that there was no sufficient ground for the petition. How. Stat. § 1697. *Held,* that where the petition was approved by the special commissioners, but the drain commissioner had surveyed a ditch differing materially from that asked for, there was no ground for the action.

Error to Lapeer. (Stickney, J.) June 11.—June 25.

ASSUMPSIT. Defendants bring error. Reversed.

*Moore & Bentley* for appellants.

*Geer & Williams* for appellee.

CHAMPLIN, J. The plaintiff was drain commissioner of the township of Imlay, in Lapeer county. The defendants are residents of Imlay. Some time in May, 1882, the defendants applied in writing to the plaintiff as drain commissioner, to construct a water-course or open ditch in the township of Imlay, as follows:

"Commencing at the crossing of Belle river by the Chicago & Grand Trunk Railway; thence southeasterly along the course of said Belle river to the crossing of said river by the Ross road bridge, on section 33."

On receiving this application the plaintiff proceeded to examine personally the line of the proposed drain, and decided that it was necessary for the good of the public health that the application should be granted. He afterwards caused a survey to be made, and established a ditch which in some places was from 40 to 70 rods from the course

of Belle river, and in one place providing for a cut-off 149 rods long and 16 feet wide. He was unable to get releases of the right of way from all the parties through whose land the drain was laid, and thereupon applied to the judge of probate for the appointment of three special commissioners, who reported that they did declare it to be their opinion that it was necessary and practicable and for the good of the public health, that the drain should be constructed as prayed for in the application therefor, and they inserted the application made by the defendants verbatim. The petition for the appointment of these commissioners described the drain as surveyed and laid by the commissioner, which, as before stated, differed in some parts materially from that applied for, and respecting which they made no finding or report. Thereupon the plaintiff, on the 13th day of November, 1882, made the following order, viz.:

"Whereas, heretofore, to-wit, on the 19th day of May, A. D. 1882, application was made to me, the undersigned, township drain commissioner in and for the township of Imlay, in the county of Lapeer, to construct a drain in said township as hereinafter set forth: Whereupon, three special commissioners were appointed, by and in the manner above specified, and, upon the finding of said special commissioners, it was declared and determined that there was not sufficient cause for making such application, and that such drain was not necessary and practicable, and that the said applicants, to-wit, Byron Dencen, George Leniker, George R. Manwaring, F. M. Dodge, C. A. Mosher, N. B. Eldredge, E. E. Palmer, Jacob Cohn, R. Murphy, Charles Palmer and Stephen R. Dodge, are jointly and severally required to pay to me the amounts of costs and expenses incurred in these proceedings, amounting to the sum of one hundred and eight dollars and ninety-one cents.

In witness whereof, I have hereunto set my hand and seal this 13th day of November, A. D. 1882.

ABNER HALL,
Township Drain Commissioner for the Township of Imlay."

The plaintiff claims that the action of the commissioners in reporting in favor of the ditch applied for by the defendants, and not reporting for or against that laid by the com-

missioner, was in effect a denial of the application, and a sufficient basis for a determination by him that there was not sufficient cause for making such application, and that the applicants are jointly and severally liable to him for all the costs and expenses incurred in the proceedings, under and by virtue of How. Stat. § 1697, which reads as follows:

"If, on such examination and survey, or upon the finding of special commissioner, as hereinafter provided, it shall appear that there was not sufficient cause for making such application the commissioner shall so determine, and the applicants shall be jointly and severally liable to the commissioner for the amount of all costs and expenses incurred in the proceedings, to be recovered at the suit of such commissioner in an action of assumpsit or on the case, before any justice of the peace of the proper county; but if the commissioner shall determine that such drain is necessary and practicable, he shall establish the same as hereinafter provided."

Consequently he brought this action to recover the same.

There are several errors fatal to a recovery; but only one will be discussed as it alone is sufficient to dispose of the case upon the merits. The right of action relied upon by plaintiff is purely statutory, and he must bring himself within its terms by showing the existence of the facts upon which such liability is predicated. The application is the foundation of the whole proceeding in cases of this kind. It is this which confers jurisdiction upon the commissioner, and no substantial departure from the improvement prayed for can be made without losing jurisdiction. The improvement sought to be made by the commissioner was materially different from that asked for by defendants. If it had been determined that there was not sufficient cause for making such application as was made by defendants, they would have been liable for the costs and expense of the proceedings. But this is not the case. On the contrary the commissioner testifies that he personally examined the line of the proposed drain, and decided that it was necessary and for the public health that the application should be granted. The special commissioners found the same thing. There

was therefore no basis for the order of November 13, and it was not warranted by the facts. No statutory liability has been incurred by defendants to pay the plaintiff the costs and expenses of these proceedings.

The judgment must be reversed, and a judgment entered here in favor of defendants against the plaintiff, for costs of all the courts.

The other Justices concurred.