ABRAHAM OBERDORFER, Plaintiff, *v.* EDMUND J. RAPPOLI CO., INC., Defendant.

Supreme Court, Special Term, Onondaga County, December 31, 1954.

*Henry S. Fraser* for defendant.
*Philip Hillsberg* for plaintiff.

SULLIVAN, J.   The defendant moves, pursuant to rule 113 of the Rules of Civil Practice, for an order to dismiss the complaint in this action and to direct that judgment be entered in its favor on the ground that the plaintiff's action has no merit.

The action is for payment of alleged overtime compensation claimed to be due under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*).

At the outset, this court is grateful to the attorneys for both of the parties herein for the illuminating and excellent briefs, which they have presented, with respect to the interesting points of law involved in this litigation.

The complaint alleges that the defendant is a foreign corporation, with an office for the transaction of business in the city of Syracuse, New York.   It states that the plaintiff performed services as a timekeeper for a period which began on the 1st day of January, 1953, and which terminated on the 1st day of February, 1954, on a job known as the men's dormitory at Syracuse University.   The complaint further alleges that the defendant was engaged in interstate commerce which brought it under the provisions of the Fair Labor Standards Act and that plaintiff was paid straight time for the services performed but did not receive overtime as provided under section 207 of this act.

The amended answer denies that the plaintiff was hired as a timekeeper and that the defendant was engaged in interstate commerce.   The answer also contains three separate and distinct defenses, the first of which is that the plaintiff does not come within the provisions of the Fair Labor Standards Act because, throughout the period of his employment, he was not engaged in commerce or in the production of goods for commerce as defined by the act, and secondly, that the plaintiff was employed in a bona fide administrative capacity and thirdly, in a bona fide professional capacity, both, throughout the period of his employment.

The defendant's moving affidavit sets forth the facts that the defendant was the contractor which constructed the men's dormitory at Syracuse University between November, 1952, and May, 1954.   As few as 40 and as many as 150 employees, at various times were engaged in the work.   The affidavit sets forth the duties of the plaintiff which would indicate that he was a salaried employee with administrative duties and that the defendant was, at no time, engaged in the production of goods for interstate commerce, nor was he engaged in such commerce, nor was he at any time engaged in receiving or shipping materials or goods in interstate commerce, and that the defendant and its employees

were engaged at all times solely in the original construction of a new dormitory for men at Syracuse University.

Plaintiff's answering affidavit sets forth the nature of his duties while in the employ of the defendant and for the most part they are the same as outlined in the defendant's moving affidavit with the additional claim that he made out daily time sheets, costs reports, payrolls, that he checked invoices and delivery slips with respect to materials shipped across State lines to defendant, as well as making records of and reports from shippers of materials from outside of the State, all of which were transmitted by him to the defendant's home office in Massachusetts and that he made to and received from the defendant, telephone calls and messages at its home office in Massachusetts as well as written communications with respect to the foregoing. He also alleges that he maintained a record of defendant's gear, equipment, and office supplies which had been shipped across the State line and which he received. He sums up his duties as being of a routine nature with no special skill required in the performance of them and he points out that he had no authority to hire or fire employees nor did he have any supervision over any of them, nor was he himself ever free from immediate supervision. He denies the allegations in the defendant's affidavit that 60% of his time was cost accounting work and that he was a salaried employee.

Upon this motion, this court is to decide whether the plaintiff has shown such facts which may be deemed sufficient by it to entitle him to a trial of the issues.

The plaintiff contends that he was engaged in interstate commerce while in the employ of the defendant. Conceding for the purposes of this decision that the plaintiff was not employed in an administrative or professional capacity and assuming that he served as an unskilled employee, this court is of the opinion that the plaintiff's cause of action has no merit.

The burden is upon the plaintiff as the one asserting coverage to prove the defendant's employees are engaged in commerce or in the production of the goods for commerce. (*Schulte Co.* v. *Gangi*, 328 U. S. 108, 120.)

In the first place, the facts which are contained in the affidavits before this court on this motion lead to the conclusion that the defendant is not engaged in interstate commerce as defined in subdivision (b) of section 203 of the Fair Labor Standards Act, which reads: " ' Commerce ' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."

Commerce within this section is passing of merchandise from one State to another, from one person to another, to be sold in competition with other goods in ordinary channels of trade. (*Young* v. *Kellex Corp.*, 82 F. Supp. 953, 958.)

In the instant case, the defendant is engaged in a local operation in the construction of a building to be used as a dormitory. Whatever supplies, materials, machinery, gear or the like which were shipped from Massachusetts or from any other State into New York were ultimately used by the consumer, this defendant. Thus, the interstate transportation or commerce feature is at an end. (*Higgins* v. *Carr Bros. Co.*, 317 U. S. 572.)

It has been held that employees engaged in the original construction of buildings are not generally within the scope of the act, even if the building when completed will be used to produce goods for commerce. (*Rich* v. *Puget Sound Bridge & Dredging Co.*, 156 F. 2d 334, 336; *Murphey* v. *Reed*, 335 U. S. 865.)

In the second place, the activities of the plaintiff in his employment as stated by him in his answering affidavit are not such as would bring him within the act. The business of the defendant was local. It was constructing a building in which students could live. It was not engaged in the business of producing goods for interstate commerce nor was it engaged in interstate commerce. The plaintiff was engaged in the internal affairs of the defendant.

The commerce which underlies both the engagement in commerce and the production of goods for commerce has no application to the internal affairs of the employer. (*Billeaudeau* v. *Temple Associates*, 213 F. 2d 707.)

An employee who prepares and transmits records, reports payrolls and communications to the defendant's home office in Massachusetts, is engaged in purely internal activities of the employer. These have no value. It cannot be said that plaintiff is engaged in interstate commerce in his keeping and transmitting these papers. (*Bozant* v. *Bank of New York*, 156 F. 2d 787.)

The interstate communications of the employee involved in this action with his employer at Massachusetts are part of the internal affairs of the defendant and hence, they are not covered by the act. (*Mitchell* v. *Joyce Agency*, 211 F. 2d 241.)

The employee involved in this action is engaged in local activities neither in the channels of commerce nor closely related to the movement of interstate commerce. To apply the Fair Labor Standards Act to the plaintiff in this action is to hold that the act is to cover all employees of any firm merely because

it conducts business in more than one State. (*Mitchell* v. *Welcome Wagon, Inc.,* U. S. Dist. Ct., W. D. Tenn., Nov. 3, 1954.)

By his answering affidavit, the plaintiff has failed to show such facts which this court deems sufficient to entitle him to a trial of the issue as to whether or not he was engaged in interstate commerce.

The complaint is dismissed and judgment is directed in favor of the defendant, with costs, on the ground that the action has no merit. Order accordingly.