KORNICKS *v.* LINDY'S SUPERMARKET

1. PLEADING—SUFFICIENCY—MOTION TO STRIKE.
   The proper response to a complaint which states conclusions of law rather than facts is a motion to strike by defendant, and similarly the proper response to an answer which does not technically deny the facts stated in the complaint but which arguably may be intended as a denial is a motion to strike by the plaintiff (GCR 1963, 115.2).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading §§ 16–24, 344–356.
[2] 53 Am Jur, Trial § 123.

2. TRIAL—PROCEDURE—REOPENING OF PROOFS—DISCRETION.

Denial by trial court of plaintiff's request to reopen the proofs
was an abuse of discretion and prejudicial error where the
request was made after plaintiff had rested but before de-
fendant's opening of proofs to introduce additional testimony
from a witness who had already testified where the record
indicates that the witness would have been ready to testify
with no delay in the case whatsoever.

Appeal from Wayne, Joseph A. Moynihan, Jr., J.
Submitted Division 1 April 17, 1970, at Detroit.
(Docket No. 7,574.)   Decided June 25, 1970.   Re-
hearing denied August 6, 1970.   Leave to appeal
denied October 23, 1970.   384 Mich 771.

Complaint by Max Kornicks against Lindy's Su-
permarket, for additional compensation for overtime
work.   Directed verdict for defendant.   Plaintiff
appeals.   Reversed and remanded.

*Dee Edwards,* for plaintiff.

*Dingell, Hylton & Zemmol (Walter P. Stewart,*
of counsel), for defendant.

Before: LESINSKI, C. J., and QUINN and O'HARA,*
JJ.

LESINSKI, C. J.   Plaintiff Max Kornicks com-
menced this action under the Fair Labor Standards
Act, § 1, 52 Stat 1060 (1938), 29 USCA § 201, to re-
cover   additional   compensation   from   defendant
Lindy's Supermarket for overtime work performed
during a three-year period from 1962 to 1965.   Fol-
lowing the close of plaintiff's proofs, defendant

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23, as amended in
1968.

moved for a directed verdict. The motion was grant-
ed and defendant appeals.

The act provides minimum wages for employees
"engaged in commerce"[1] and for employees employed
in an "enterprise engaged in commerce or in the
production of goods for commerce."[2]    The terms
"commerce," "employer," "employee," and "enter-
prise engaged in commerce or in the production of
goods for commerce" are specifically defined in the
act.[3]  The burden of establishing a *prima facie* case
that the act is applicable is upon the plaintiff.
*D. A. Schulte, Inc.* v. *Gangi* (1946), 328 US 108 (66
S Ct 925, 90 L Ed 1114); *Maino* v. *Urban Meat Co.*
(1958), 11 Misc 2d 1032 (175 NYS2d 401); *Ober-
dorfer* v. *Edmund J. Rappoli Co.* (1954), 207 Misc
807 (137 NYS2d 14); *Jackson* v. *Airways Parking
Co.* (ND Ga, 1969), 297 F Supp 1366; *Hall* v. *Palmer*
(1884), 54 Mich 270.   Pursuant to defendant's mo-
tion for a directed verdict, the court below ruled
that plaintiff failed to meet his burden.

In response to the motion for a directed verdict,
plaintiff argues that defendant admitted in its plead-
ings that it was an "enterprise engaged in com-
merce."  Plaintiff's complaint states *inter alia:*

"3. At all times herein set forth, defendant was
an employer within the definition of the Fair Labor
Standards Act of 1938, § 3, 29 USCA § 203, as
amended, and plaintiff was at all times herein set
forth an employee within the definition of said sec-
tion.

"4. At all times herein set forth, the defendant
was engaged in commerce within the meaning of said
act.

"5. At all times herein set forth, defendant was
engaged in interstate commerce:   to wit, the sale

---

[1] § 1, 52 Stat 1060 (1938), 29 USCA §§ 206(a), 207(a) (1).
[2] *Id.*, 29 USCA §§ 206(b), 207(a) (2).
[3] *Id.*, 29 USCA § 203(b), (d), (e), (s).

of goods and products moving in interstate commerce."

To these allegations defendant responded in his answer:

"3. In answer to paragraph three of the complaint the defendant denies each and every allegation contained therein for the reason that said allegations are in the nature of conclusions of law and not statements of fact.

"4. Defendant denies each and every allegation contained in paragraph four of the complaint for the reason that said allegations are conclusions of law and not statements of fact.

"5. Defendant denies each and every allegation contained in paragraph five of the complaint for the reason that said allegations are conclusions of law and not statements of fact."

Plaintiff argues that defendant's answer was insufficient under GCR 1963, 111.4 and constituted an admission under GCR 1963, 111.5.

The proper remedy for responding to a complaint which allegedly states conclusions of law rather than statements of fact is a motion under GCR 1963, 115.2, which provides: "Upon motion made by a party or upon the court's own initiative, the court * * * may order stricken any pleadings or part thereof not drawn in conformity to these rules." Further, where, as here, defendant files an answer which may not technically deny the facts in a complaint but which arguably may be intended as a denial, the ambiguity should be tested by plaintiff in a motion to strike also under GCR 1963, 115.2.

As we reverse on other grounds we do not reach the question of the sufficiency of either the complaint or the answer, since all alleged errors will undoubtedly be attacked on remand upon proper motion of the parties or the trial court's own initiative.

After the defendant moved for a directed verdict at the close of plaintiff's proofs and the trial court's indication that it believed insufficient evidence had been introduced, plaintiff asked to reopen the proofs. Plaintiff's counsel stated: "I want the record to show that Mr. Kornicks [plaintiff] is here and is competent to testify to the volume of business done in this store." Plaintiff's request was denied.

In *Knoper* v. *Burton* (1968), 12 Mich App 644, *rev'd* (1970), 383 Mich 62, the plaintiff, as here, was denied the right to reopen his proofs after he had rested, but prior to defendant's opening of proofs, to introduced additional testimony from a witness who had already testified. In *Knoper* the purpose for additional evidence was to establish the causal connection between the defendant's alleged wrongful act and plaintiff's injury. Although recognizing the settled rule that reopening of proofs is a matter within the sound discretion of the trial court, this Court noted at p 648: "Judicial review is not foreclosed, however, by the mere utterance of the word 'discretion' ". In concluding that the trial court abused its discretion in *Knoper* we cited at p 648, *Bonner* v. *Ames* (1959), 356 Mich 537, 541:

" 'We recognize, of course, and have often held, that a motion to reopen proofs is a matter within the discretion of the court. But the discretion must be a sound judicial discretion. Here the case had not proceeded to such a point, nor had conditions so changed, that any undue advantage would be taken by plaintiff.' "

In Knoper at p 649 we stated:

"The record reflects only one particular in which defendant would be prejudiced by reopening plaintiff's proofs: the case would have to be continued until later the same day, once again to accommodate Dr. Schaubel's schedule."

As the record in the instant case indicates that plaintiff would have been ready to testify with no delay whatsoever, the one point of possible prejudice existing in *Knoper* does not exist here.

*Knoper* is controlling and requires reversal.[4]

Reversed and remanded.

All concurred.

---

[4] This Court held in *Knoper* v. *Burton* (1968), 12 Mich App 644, that the refusal by the trial court to reopen was prejudicial error. The Supreme Court reversed, *Knoper* v. *Burton* (1970), 383 Mich 62, on the grounds that the refusal was not prejudicial. The Supreme Court did not reach the issue of whether the trial court's refusal to reopen the proofs was an abuse of discretion. *Knoper, supra,* 383 Mich at p 68.