CUSUMANO *v.* THE STROH BREWERY COMPANY

1. MOTIONS—DIRECTED VERDICT—EVIDENCE.

In deciding whether a motion for a directed verdict should be granted the evidence and all legitimate inferences from it must be construed in the opposing party's favor.

2. NEGLIGENCE—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

Circumstantial evidence and inferences from it may suffice for a finding of negligence.

3. NEGLIGENCE—EVIDENCE—PRIMA FACIE CASE.

Mere ·proof of an accident which does not usually happen except by someone's negligence does not establish a *prima facie* case of negligence by defendant.

4. NEGLIGENCE—INFERENCE—EVIDENCE.

Evidence that the plaintiff was injured by a piece of glass from an exploding beer bottle, that the bottle was not moved from

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trials § 332 *et seq.*
[2] 30 Am Jur 2d, Evidence § 1120.
[3] 29 Am Jur 2d, Evidence § 211 *et seq.*
[4] 38 Am Jur, Negligence § 295 *et seq.*
Evidence of specific negligence as affecting reliance on res ipsa loquitur. 33 ALR2d 791.
Res ipsa loquitur as ground for direction of verdict in favor of plaintiff, 97 ALR2d 522.
[5, 6] 58 Am Jur, Witnesses § 7.
[7, 8] 31 Am Jur 2d, Expert and Opinion Evidence § 31.
Review on appeal of decision of trial court as to qualification or competency of expert witnesses. 166 ALR 1067.

the time it had left the defendant's custody until the plaintiff picked up the bottle just before it exploded, and that when the bottle was picked up it was not bumped in any way creates an inference that the defendant was negligent in failing to exercise due care in either filling the bottle or inspecting it or in both duties.

5. Witnesses—Evidence—Exclusion of Testimony.

Excluding the testimony of a witness was not error where the witness was not indorsed on the pretrial statement and his name and address were not supplied to the court and opposing counsel at least 90 days before the case was assigned for trial, as agreed at the pretrial conference.

6. Witnesses—Exclusion of Deposition—Evidence.

Excluding the deposition of a witness was not error where the witness was not indorsed on the pretrial statement and his name and address were not supplied to the court and opposing counsel at least 90 days before the case was assigned for trial, as agreed at the pretrial conference.

7. Witnesses—Expert Witnesses—Qualifications—Discretion.

Determination of whether a witness is qualified to testify as an expert is for the trial court and that decision will be reversed only for an abuse of discretion.

8. Witnesses—Expert Witnesses—Bottles—Qualifications.

Determination by the trial court that a grocery store owner, who did the maintenance work in the store and handled the restocking of groceries, but who devoted most of his time to managing a marina was not qualified as an expert witness on the general characteristics of bottled beer was not an abuse of discretion.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 June 10, 1970, at Detroit. (Docket No. 7,041.) Decided September 29, 1970. Leave to appeal denied January 12, 1971. 384 Mich 795.

Complaint by Josephine Cusumano and Thomas Cusumano against The Stroh Brewery Company for

damages for injuries from an exploding beer bottle.
Judgment on a directed verdict of no cause of action
for defendant.   Plaintiffs appeal.   Reversed and
remanded.

*Ripple & Chambers* (*Donnelly W. Hadden,* of
counsel), for plaintiffs.

*Butzel, Eaman, Long, Gust & Kennedy* (*James
D. Ritchie* and *X. Orhan,* of counsel), for defendant.

Before: DANHOF, P. J., and J. H. GILLIS and
J. J. KELLEY, JR.,* JJ.

DANHOF, P. J.  This is a negligence case arising
out of the explosion of a Stroh's beer bottle which
allegedly caused considerable injury to the wrist of
plaintiff, Josephine Cusumano.  A jury trial was
held in February 1969.  At the close of the plaintiffs'
proofs, the defendant, without offering any evidence,
rested.  The defendant then moved for a directed
verdict of no cause of action.  This was granted on
the basis that there had been no showing of negli-
gence on the part of defendant.  The plaintiffs have
appealed.

In deciding a motion for a directed verdict the
evidence and all legitimate inferences therefrom
must be construed in the opposing party's favor.
*Schedlbauer* v. *Chris-Craft Corporation* (1968), 381
Mich 217.  The plaintiffs' proofs show that Josephine
Cusumano and her husband, Thomas Cusumano,
owned a grocery store in the City of Detroit.  They
were licensed to sell beer and wine for consumption
off the premises.  Mrs. Cusumano managed the
store, doing all the buying and selling and waiting
on the customers.  Mr. Cusumano did what main-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tenance work had to be done and the restocking, but most of his time was spent outside managing a marina owned by the plaintiffs.

On May 25, 1961, a customer came into the grocery store and purchased two bottles of Stroh's beer, not cooled. Mrs. Cusumano lifted the two bottles out of a nearby case with one hand, but in such a way that the bottles did not come into contact with each other. As she was lowering them into the customer's bag, one of the bottles exploded with a sound "like a fire cracker" and a piece of glass came out of the bottle, flew through the air about 12 inches, and struck Mrs. Cusumano on her right wrist. It felt like "a little sting" but did not cut her or cause any bleeding. Mr. and Mrs. Cusumano testified that Mrs. Cusumano sustained substantial injury to her wrist.

The beer had been delivered to the plaintiffs' store the previous day by William Cook, an employee of the defendant. Mr. Cook stacked the beer in place inside the store. There it remained undisturbed until Mrs. Cusumano reached in and took out the two bottles for the customer. The broken bottle and piece of glass therefrom were returned to the defendant's employee, Mr. Cook.

The plaintiffs claim that the foregoing establishes a *prima facie* case of negligence while the defendant argues that some evidence of a specific act of negligence is an essential part of the plaintiffs' burden of proof.

Once again we must deal with the Michigan version of *res ipsa loquitur* known by the euphemism "circumstantial evidence of negligence." We do not think it necessary in this opinion to include a detailed comparison and analysis of the multitude of cases that have discussed this doctrine. However, readers are referred to the extensive opinion writ-

ten on the subject by Justice VOELKER in *Mitcham v. City of Detroit* (1959), 355 Mich 182. Of special interest is the following statement, p 188:

"Ironically enough, the Michigan version of the doctrine of *res ipsa loquitur* in some respects plainly 'out ipsas *res ipsa*,' as it were;"

Also not to be overlooked is the more recent opinion by Justice ADAMS in *Gadde v. Michigan Consolidated Gas Company* (1966), 377 Mich 117. He advises us that the whole thing started in England back in 1863 in a case in which a barrel of flour rolled out of a warehouse window and fell upon a pedestrian. Baron Pollock remarked to counsel *"res ipsa loquitur"*, meaning "the thing speaks for itself".

Justice ADAMS concludes that by whatever name it is described, circumstantial evidence and the inferences therefrom may suffice for a finding of negligence. For similar holdings see *Lipsitz v. Schechter* (1966), 377 Mich 685; *Schedlbauer v. Chris-Craft Corporation, supra; Patrick v. Pulte-Strang, Inc.* (1967), 8 Mich App 487; *Hand v. Park Community Hospital* (1968), 14 Mich App 371.

Of course, mere proof of an accident which does not usually happen except by negligence by someone does not establish a *prima facie* case of negligence by the defendant. *Rose v. McMahon* (1968), 10 Mich App 104 . However, the plaintiffs have introduced evidence that the bottle exploded, that it was not moved from the time it had left the defendant's custody until Mrs. Cusumano picked it up just before it exploded, and that when Mrs. Cusumano picked up the bottle it was not bumped, either accidentally or carelessly. We hold that that evidence is sufficient to support a reasonable inference that the exploding bottle was not damaged by any extraneous force after delivery to the plaintiffs.

An explosion such as occurred here might have been caused by an excessive internal pressure in a sound bottle, by a defect in the glass of the bottle, or by a combination of the two. Ordinarily, an overcharged or defective bottle would not occur without negligence. The defendant had control over both the charging and inspection of the bottles, and we hold that an inference of negligence arises that the defendant failed to exercise due care in either filling the bottle or inspecting it or both. Of course, the defendant may attempt to rebut this inference by offering evidence at the new trial showing due care in the selection, filling, and handling of the bottle. It would then be for the jury to determine whether the defendant had negated the inference of negligence arising from the plaintiffs' proofs.

Counsel have cited two Michigan exploding bottle cases. They are *Macres* v. *Coca-Cola Bottling Co., Inc.* (1939), 290 Mich 567 and *Pattinson* v. *Coca-Cola Bottling Company of Port Huron* (1952), 333 Mich 253. In both of those cases, at the conclusion of the trial, the jury returned verdicts in favor of the plaintiffs. On the appeals, it was argued that there was insufficient evidence to support an inference of negligence by the defendant. In both cases the Michigan Supreme Court affirmed, holding that the trial courts properly allowed the cases to go to the jury on negligence theories.

Error has also been alleged because the trial court excluded the testimony of William Cook. That argument is without merit because he was not indorsed on the pretrial statement and his name and address were not supplied to the court and opposing counsel at least 90 days before the case was assigned for trial as agreed at the pretrial conference. Nor was it error to exclude Mr. Cook's deposition because

otherwise plaintiffs would have accomplished indirectly that which they could not do directly.

The plaintiffs also argued that the trial court erred in excluding the testimony of Thomas Cusumano as an expert witness with respect to the general characteristics of bottled beer. Determination of whether a witness is qualified to testify as an expert is for the trial court to decide and we reverse only for an abuse of discretion, *Accetola* v. *Hood* (1967), 7 Mich App 83. It is clear from the record that there was no abuse of discretion.

Reversed and remanded for a new trial. Costs to plaintiffs.

All concurred.