MacRae *v* JOSEPHSON

1. Witnesses—Expert Witnesses—Pretrial Summary—Adding Witnesses—Necessity.

Denial of plaintiff's motion to use an expert witness at trial did not constitute an abuse of discretion where the witness was not listed on the pretrial summary which stated that no witnesses in addition to those listed would be called at trial, the motion was made less than two weeks before trial, and the issue upon which the witness was to testify, the proper placement of a doorstop, is not a subject upon which expert testimony is essential.

2. Trial—Verdict—Acceptance of Verdict—Juror's Disagreement.

The statement by one of ten jurors who agreed upon the verdict in a tort case, made during a polling of the jury, that she agreed with the majority but that it wasn't her verdict should be treated as mere surplusage and did not prevent the court from properly accepting the verdict where the apparent meaning of the statement is that at one time during deliberation the juror had a viewpoint different from the majority and there is no showing that she disagreed with the majority at the time the verdict was announced or the jury was polled.

Appeal from Wayne, George T. Martin, J. Submitted Division 1 February 1, 1972, at Detroit. (Docket No. 10619.) Decided March 28, 1972.

Complaint by Clara MacRae against Joseph Josephson, Mabel Plunkett, William R. Rudell, Jane

---

References for Points in Headnotes

[1] 58 Am Jur, Witnesses §§ 837, 838
[2] 21 Am Jur 2d, Criminal Law § 371

E. Rudell, Betty Coventry, and Robert Servis for damages incurred when she tripped and fell in defendants' shop. Judgment for defendants. Plaintiff appeals. Affirmed.

*Wall, Dean & Cyrul,* for plaintiff.

*Alexander, Buchanan & Seavitt,* for defendant Josephson.

*Plunkett, Cooney, Rutt & Peacock* (by *Richard F. Brennan*), for defendants Plunkett, Rudell, Coventry, and Servis.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. This is a trip and fall case. Plaintiff alleges that she tripped over a doorstop that was improperly placed near the entranceway of defendants' dress shop. From verdict and judgment of no cause of action plaintiff appeals, claiming three assignments of error.

First, plaintiff contends that the trial court erred in refusing to allow her to use an expert witness at the trial. The witness was not listed in the pretrial summary, which stated "all counsel agree no other witnesses, except those above listed, will be called at the time of trial". Plaintiff's motion to add the witness was made less than two weeks before trial. Additionally, it does not appear that the proper placement of a doorstop is a subject on which the expert testimony of an architect is essential. Under these circumstances, the trial court was clearly within its discretion in denying plaintiff's motion. *Cusumano* v *Stroh Brewery Co,* 26 Mich App 549 (1970).

Plaintiff's second allegation of error concerns the trial court's charge to the jury. No objection was made by plaintiff's counsel to the instructions given by the court. GCR 1963, 516.2 provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider the verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Although opportunity to enter objections was given, plaintiff's attorney failed to object. We conclude that plaintiff's assignment of error in this regard is not properly before us. *Goodwin* v *S A Healy Co,* 383 Mich 300 (1970).

Finally, plaintiff contends that the trial court erred in accepting the jury verdict of no cause of action. During the polling of the jurors, to the question, "Is this your verdict?", ten responded "yes" and two responded "no". Upon completion of the poll, one of the ten jurors stated, "I agreed with the majority, but it wasn't my verdict, I—you should know."

The following discussion then occurred on the record:

*"The Court:* Should know. I counted there were ten in favor of the verdict and two against and that is all the verdicts, Mr. Wall?

*"Mr. Wall [plaintiff's attorney]:* Yes, your Honor.

*"The Court:* All right, members of the jury, you know I said that when ten of you agree you shall return and that is what you have done."

The court then excused the jury.

The apparent meaning of the juror's statement is that at one point in her discussion with other jurors

she had had a different viewpoint. It is readily apparent, however, that she agreed with the majority verdict at the time the jury announced their verdict to the court and when the jury was polled she still "agreed with the majority". In the absence of a showing of disagreement among the ten, the verdict was properly accepted, *Metz* v *City of Bridgman,* 371 Mich 586 (1963), and the juror's statement should be regarded as mere surplusage, *Carey* v *Toles,* 7 Mich App 195 (1967).

Affirmed with costs to defendants.