MARDEROSIAN v THE STROH BREWERY COMPANY

Docket No. 57457. Submitted June 3, 1982, at Detroit.—Decided
March 8, 1983. Leave to appeal applied for.

Michael Marderosian suffered the near total loss of vision in one
eye when a capped bottle of beer exploded near his face as he
was placing the bottle of beer in a cooler in the restaurant
where he worked. Marderosian brought a products liability
action in Wayne Circuit Court against the bottler of the beer,
The Stroh Brewery Company, alleging negligence and breach of
implied warranty. The case was tried without a jury before
Michael J. Hand, J. Plaintiff's proofs showed that the beer had
been stored in a dry storage room and that plaintiff had been
careful in the removal of the beer bottles from their cases while
he was stocking the cooler. Plaintiff's proofs failed to establish
with any degree of certainty whether the beer had been deliv-
ered to the restaurant by an agent of defendant or by an
independent distributor. At the close of plaintiff's proofs, defen-
dant moved for involuntary dismissal on the basis that plaintiff
failed to present evidence eliminating the possibility that the
defect was the result of mishandling by an independent distrib-
utor. After a four-day recess, plaintiff moved for a continuance
and for a reopening of proofs to present testimony from em-
ployees of the distributor, whom he hoped to call. The motions
were denied. Defendant rested without further proofs. The trial

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 105.
[2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 27, 36-
38.
[3, 4] 63 Am Jur 2d, Products Liability §§ 3, 25.
[5] 5 Am Jur 2d, Appeal and Error § 848.
[6] 63 Am Jur 2d, Products Liability § 98.
[7] 58 Am Jur 2d, New Trial § 212.
[8] 58 Am Jur 2d, New Trial § 213.
[9] 58 Am Jur 2d, New Trial § 159.
[10] 58 Am Jur 2d, New Trial §§ 164, 166, 167.
[11] 17 Am Jur 2d, Continuance §§ 10, 32, 46.
[12] 4 Am Jur 2d, Appeal and Error §§ 105, 110.
[13] 63 Am Jur 2d, Products Liability § 130.

court granted defendant's motion for involuntary dismissal, holding that plaintiff failed to make a prima facie showing of negligence on the part of defendant and failed to show that defendant proximately caused the accident. Plaintiff moved for a new trial, basing the motion on surprise because of the testimony of the restaurant owner relative to who delivered the beer to the restaurant, newly discovered evidence as to who delivered the beer, and a claim that defendant engaged in misconduct with respect to such evidence. The motion was denied. Plaintiff appeals. *Held:*

1. Plaintiff, in order to recover under either his negligence or breach of implied warranty theories, must establish that the beer bottle was defective when it left the control of the defendant. While the evidence need not be conclusive, plaintiff must produce sufficient evidence that the defect was not the result of mishandling after it left defendant's control so that a reasonable trier of fact could conclude that, more likely than not, the defect was caused by or attributable to the defendant. Plaintiff's proofs failed to carry that burden of proof.

2. The trial court properly denied the motion for new trial since the question of surprise was not properly preserved, the alleged newly discovered evidence could have been discovered prior to trial with due diligence, and there was no showing of misconduct by defendant.

3. The motion for the continuance was properly denied since plaintiff failed to be diligent in attempting to secure, prior to resting his case, the witnesses and evidence that plaintiff wished to seek during the requested continuance.

Affirmed.

BRONSON, P.J., dissented. He would hold that a trier of fact could have reasonably inferred that the defect was attributable to the defendant. He would remand to the trial court with instructions that the trial court, sitting as the trier of fact, consider that inference.

### OPINION OF THE COURT

1. APPEAL — TRIAL — MOTION TO DISMISS.

A trial court's ruling on a motion to dismiss will not be overturned on appeal unless it is clearly erroneous (GCR 1963, 504.2).

2. TRIAL — MOTION TO DISMISS — NONJURY TRIAL — COURT RULES — DIRECTED VERDICT.

A trial court in a nonjury case, when presented with a motion to

dismiss after plaintiff's presentation of evidence, may judge credibility, weigh the evidence, and decide the case on the merits; the trial court does not view the evidence in a light most favorable to the plaintiff as it would if defendant had moved for a directed verdict (GCR 1963, 504.2).

3. PRODUCTS LIABILITY — BURDEN OF PROOF.

The plaintiff in a products liability action seeking to hold a manufacturer liable for a defective product, whether the action sounds in warranty or negligence, has the burden to establish that the defect which caused the injury or damage was caused by or attributable to the manufacturer.

4. PRODUCTS LIABILITY — DEFECT — BURDEN OF PROOF.

A plaintiff in a products liability case against a manufacturer where an accident is caused by a defect in the product is not obliged to eliminate all possible causes of the accident consistent with the view that there was no manufacturing defect; rather, plaintiff's burden of proof is sustained where plaintiff establishes with direct or circumstantial evidence a reasonable probability that the defect is attributable to the manufacturer.

5. PRODUCTS LIABILITY — MOTION TO DISMISS — APPEAL.

The granting of a motion for involuntary dismissal in favor of a manufacturer by a trial court sitting as the trier of fact in a products liability case on the basis that the plaintiff failed to adequately establish that a beer bottle exploded by reason of a defect caused by or attributable to the manufacturer cannot be said to be clearly erroneous where there were inadequate proofs as to the delivery and distribution of the bottle by the manfuacturer and no proofs as to the absence of mishandling in the distribution process by others (GCR 1963, 504.2).

6. PRODUCTS LIABILITY — BURDEN OF PROOF.

The mere naming of a party defendant and proof of someone's negligence or breach of implied warranty is insufficient, without more, to trace the defect to the named defendant.

7. NEW TRIAL — JUDGE'S DISCRETION.

The grant or denial of a new trial lies within the sound discretion of the trial court.

8. NEW TRIAL — BURDEN OF PERSUASION.

A party who moves for a new trial has the burden of persuading the trial court that during the trial an error was committed of sufficient magnitude to cause the trial court to grant a new trial in the exercise of its discretion.

9. NEW TRIAL — SURPRISE.

A party seeking a new trial on the ground of surprise must have indicated surprise because of the testimony at the time the testimony was given.

10. NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

A motion for new trial on the basis of newly discovered evidence should ordinarily be granted only if the newly discovered evidence is discovered after the verdict is rendered (GCR 1963, 527.1[6]).

11. MOTIONS — CONTINUANCES.

A motion for a continuance must be made as soon as possible after the facts giving rise to the need for a continuance have been ascertained; a continuance to enable a party to present his evidence should be granted only if the trial court finds that the evidence giving rise to the request for a continuance is material and that diligent efforts have been made to secure the witnesses or evidence (GCR 1963, 503.2).

DISSENT BY BRONSON, P.J.

12. TRIAL — MOTION TO DISMISS — DIRECTED VERDICT — APPEAL.

*A motion for involuntary dismissal which is decided by the trial court on the basis that a deficiency in a plaintiff's proofs precluded his recovery as a matter of law should, on appeal, be treated in the same manner as review of a directed verdict.*

13. PRODUCTS LIABILITY — INFERENCES.

*It is reasonable in a products liability case involving an exploding beer bottle for a finder of fact to infer, in the absence of proof to the contrary, that the bottle was defective when it left the bottler's control.*

*Kerr, Russell & Weber* (by *Robert R. Nix, II),* for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Edward M. Kronk),* for defendant.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Plaintiff suffered the near

---

* Circuit judge, sitting on the Court of Appeals by assignment.

total loss of vision in one eye when a capped beer bottle exploded close to his face. At a bench trial in Wayne County Circuit Court, plaintiff sought to show negligence and breach of implied warranty on the part of defendant brewery. The trial judge granted defendant's motion for involuntary dismissal under GCR 1963, 504.2.

Plaintiff worked as a busboy at a restaurant and bar in April, 1973. At this bench trial in May, 1978, plaintiff described the careful manner with which he removed several cases of beer from a locked and dry storage room and placed them next to coolers behind the bar. After about a 15-minute break, plaintiff returned to remove the bottles from their cases to stock the coolers. Plaintiff testified that, while carefully removing and not bumping bottles of Stroh's beer, one bottle exploded in his hand about six to nine inches from his head, causing lacerations to his nose and right eye. The top portion of the bottle with the cap still on it, which had been saved, disappeared from plaintiff's attorney's office, apparently through the diligent efforts of a custodian. The bottle was never produced at trial.

Plaintiff's proofs concerning the condition of the bottle when it arrived at the restaurant were vague. Plaintiff and the kitchen manager were uncertain whether an agent of defendant or an independent distributor delivered the beer to the restaurant. Plaintiff testified that the beer could have been delivered by a salesman, a Stroh's truck, or another beer truck. The kitchen manager testified he believed the beer had been delivered by a distributor named Powell.

At the close of plaintiff's proofs, defendant moved for involuntary dismissal. In granting the motion, the trial court ruled that, where there are

intervening handlers of the bottle from the time it leaves the bottler until it reaches its destination, plaintiff must make some showing that the bottle was not mishandled in the interim.

Plaintiff contends on appeal that he need only show that the bottle exploded and that it was not mishandled by him. The burden of showing the absence of mishandling, plaintiff argues, should lie with the defendant, especially where, as here, it was asserted as an affirmative defense.

A trial court's decision to grant a motion to dismiss in a bench trial under GCR 1963, 504.2, will not be overturned on appeal unless clearly erroneous. *Warren v June's Mobile Home Village & Sales, Inc,* 66 Mich App 386, 389; 239 NW2d 380 (1976). Unlike the motion for directed verdict, GCR 1963, 515.1, a motion for involuntary dismissal calls upon the trial judge to exercise his function as trier of fact, weigh the evidence, pass upon the credibility of witnesses and select between conflicting inferences. Plaintiff is not given the advantage of the most favorable interpretation of the evidence. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 332-333.

To recover under either theory asserted in the present case, breach of implied warranty or negligence, plaintiff must trace the defect into the hands of the defendant. *Caldwell v Fox,* 394 Mich 401, 410; 231 NW2d 46 (1975). As between negligence and breach of implied warranty, the former theory calls for proof that the defect was caused by defendant's negligence, while the latter requires showing that the defect was attributable to the defendant. *Smith v E R Squibb & Sons, Inc,* 405 Mich 79, 89; 273 NW2d 476 (1979); *Caldwell, supra,* 410; *Piercefield v Remington Arms Co, Inc,* 375 Mich 85, 98-99; 133 NW2d 129 (1965).

"[P]laintiff has the burden of establishing that when the product left the manufacturer it was defective." *Holloway v General Motors Corp (On Rehearing),* 403 Mich 614, 621; 271 NW2d 777 (1978).

The evidence need not be conclusive; it is enough if plaintiff "produces sufficient evidence of careful handling in general, and of the absence of unusual incidents, to permit reasonable men to conclude that, more likely than not, the event was due to the defendant's negligence". Prosser, Torts (4th ed), § 39, p 219. See 63 Am Jur 2d, Products Liability, § 10, p 20.

"[Plaintiff] is not, however, obliged to eliminate all possible causes of the accident consistent with the view that there was no manufacturing defect. He sustains his burden when he establishes with direct or circumstantial evidence a reasonable probability that the defect is attributable to the manufacturer." *Holloway, supra,* p 621 (footnotes omitted).

In the present case, plaintiff needed to connect the alleged defect with the defendant. In order to do that, plaintiff had to overcome testimony in the case that it might have been a third party who delivered the bottle or show that the third party did not mishandle the bottle.

Plaintiff produced some evidence of a defect in the bottle leading to the explosion; however, there was inadequate proof to connect the defect with the defendant. Plaintiff's showing of careful handling of the bottle after its arrival at the restaurant and his own care in removing the bottle from its case does not extend far enough to trace the defect to the defendant. The alleged defect could easily have been caused by someone handling the bottles after they left defendant's custody and

control. The bottle or the case containing the bottle could have been dropped or kicked by the distributor before delivery to the restaurant. Had plaintiff established that the bottle was delivered by an agent of defendant, a different question would be presented. At this point, however, it is a mystery who delivered the bottle to the restaurant. Under these circumstances and under the scope of review afforded by an order for involuntary dismissal by the trial judge sitting as trier of fact, we are not persuaded that the trial judge's finding was clearly erroneous.

The trial judge correctly ruled in the present case that plaintiff needed to show the absence of mishandling by others after the bottle left the defendant's brewery. Because we agree with the trial judge that plaintiff failed to connect the alleged defect in the bottle to the defendant, we need not decide whether the trial judge's additional finding that an independent distributor delivered the bottle was clearly erroneous. In addition, defendant's assertion of negligence by others as an affirmative defense could not change the burden of proof.

The cases cited by plaintiff either do not discuss the present question, *Pattinson v Coca-Cola Bottling Co of Port Huron,* 333 Mich 253; 52 NW2d 688 (1952), or noted that the evidence showed the defendant delivered the bottle, *Cusumano v The Stroh Brewery Co,* 26 Mich App 549; 182 NW2d 787 (1970), *lv den* 384 Mich 795 (1971). Plaintiff's reliance on the rule of circumstantial evidence of negligence, *Burghardt v Detroit United Railway,* 206 Mich 545; 173 NW 360; 5 ALR 1333 (1919), is misplaced because, "[e]ven though there is beyond all probable doubt negligence in the air, it is still necessary to bring it home to the defendant".

Prosser, Torts (4th ed), § 39, p 218. The mere naming of a party defendant and proof of someone's negligence or breach of implied warranty is insufficient, without more, to trace the defect to the named defendant.

Plaintiff also argues that the trial judge abused his discretion in denying his motion for a new trial on the grounds of manifest injustice resulting from surprise, newly discovered evidence, misconduct of the defendant, and the trial court's failure to grant a continuance or reopening of the proofs. The grant or denial of a new trial lies within the sound discretion of the trial court. *Kailimai v Firestone Tire & Rubber Co,* 398 Mich 230; 247 NW2d 295 (1976). The burden is on the party moving for a new trial to persuade the trial court of an error of sufficient magnitude to cause the trial court to grant a new trial in the exercise of its discretion. *Lemanski v Ford Motor Co,* 82 Mich App 244; 266 NW2d 775 (1978), *lv den* 405 Mich 811 (1979).

We are not persuaded that the trial judge abused his discretion on the grounds asserted by plaintiff. A party claiming a new trial on the ground of surprise must indicate surprise because of the testimony at the time it is given. *Great American Ins Co v Michigan Consolidated Gas Co,* 13 Mich App 410, 424; 164 NW2d 575 (1968). In the present case, plaintiff's counsel appeared to be satisfied with the testimony as given and did not claim surprise until after defendant moved for involuntary dismissal. The claim of newly discovered evidence, GCR 1963, 527.1(6), is much like the one of surprise. Ordinarily, evidence is not newly discovered unless discovered after the verdict is rendered. 6 Callaghan's Michigan Pleading & Practice, § 41.21, p 388. Moreover, it is difficult to

conclude that plaintiff, exercising reasonable diligence, could not have discovered who delivered the beer bottle to the restaurant. 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 113-114. The trial judge also did not abuse his discretion in denying the motion for a continuance. Such a motion must be made as soon as possible after ascertaining the facts; a continuance shall be granted only if the trial court finds the evidence material and diligent efforts were made to secure the witnesses or evidence. See GCR 1963, 503.2. We find *Kornicks v Lindy's Supermarket,* 24 Mich App 668; 180 NW2d 847 (1970), *lv den* 384 Mich 771 (1970), distinguishable. Lastly, we find no support for plaintiff's claim that the deficiency in the proofs was due to misconduct by defendant.

Affirmed.

R. M. MAHER, J., concurred.

BRONSON, P.J. *(dissenting).* I would remand to the trial judge. He stated:

"The inevitable conclusion in the instant case must be that plaintiff having failed to make a showing, even prima facie, of negligence on the part of defendant, and having failed to show a causal connection that the proximate cause of this unfortunate accident was the negligence of defendant, has failed to sustain the burden of proof as set forth and required by the above cited cases, the court must find no cause of action against the defendant. A judgment in conformity with this opinion may be presented."

This language indicates that the trial judge held that a deficiency in plaintiff's proofs precluded his recovery as a matter of law. I do not think the trial judge's decision was made in his role as trier of fact. I must conclude, therefore, that in analyz-

ing his decision our review should be analogous to a review of a directed verdict. Because I think the trial judge used an improper legal standard against which to measure plaintiff's proofs, I would reverse.

The trial judge ruled that, absent evidence that an intervening handler (defendant's distributor) had not mishandled a product, he could not find that a defect in the beer bottle was traceable to defendant. The trial court should have asked whether, given all the circumstances, it was reasonable to infer that a defect in the product (either in the bottle itself or in the pressure of the gas and liquid within it) existed at the time the product left the manufacturer. *Holloway v General Motors Corp (On Rehearing),* 403 Mich 614, 621; 271 NW2d 777 (1978). In *Holloway, supra,* p 622 the Court quoted the following language from its opinion in *Schoepper v Hancock Chemical Co,* 113 Mich 582, 586, 589; 71 NW 1081 (1897), which had been reaffirmed in *Schedlbauer v Chris-Craft Corp,* 381 Mich 217, 230; 160 NW2d 889 (1968):

" 'It is true that where an injury occurs that cannot be accounted for and where the occasion of it rests wholly in conjecture, the case may fail for want of proof. * * * But such cases are rare, and that rule should never be so extended as to result in a failure of justice, or in denying an injured person a right of action where there is room for balancing the probabilities, and for drawing reasonable inferences better supported upon one side than upon the other. * * * *"[T]he question of whether the inference suggested by the plaintiff's theory is the correct one, or whether it was sufficiently rebutted, was for the jury.'* (Emphasis supplied.)"

I think that an inference that the bottle was defective when it left defendant's control is one

which might reasonably have been drawn by the trier of fact.

In this case, beer had been delivered to the place of plaintiff's employment and stored in a dry storage room. Plaintiff removed the beer from the storage room and transported it to the bar area where he left it for 20 minutes. As he picked up a bottle, it exploded in his hand. The explosion sounded like a firecracker going off. After the explosion, the top part of the broken bottle remained capped.

I see no important distinction between the facts of this case and those of *Pattinson v Coca-Cola Bottling Co of Port Huron,* 333 Mich 253, 263-264; 52 NW2d 688 (1952), where the Court stated:

"We think that the evidence that the bottle exploded, throwing the particles of glass toward plaintiff and her witnesses, that no external force of any kind was applied to the bottle from which breaking might have resulted, and that a short time previously another bottle in the same container had exploded under like circumstances, together with the proof as to the process observed in inspecting and filling the bottles and regulating the carbonation of the content thereof, was sufficient to support a legitimate conclusion as to the cause of the breaking."

In *Pattinson,* the evidence concerning "the process observed in inspecting and filling the bottles" was evidence favoring defendant. This leaves the shattering of a nearby bottle the only evidence favoring plaintiff in *Pattinson* not present in plaintiff's proofs here. Where, as here, the bottle which shattered was packaged with other bottles by the manufacturer, the shattering of a nearby bottle would make the inference that the product was defective when it left the manufacturer's control no more reasonable. Correspondingly, such evi-

dence would have no effect on the reasonableness of an inference that the defect was due to mishandling by a distributor. If one bottle were mishandled, it is likely that any bottles in the same container were equally mishandled.

The majority states:

"In the present case, plaintiff needed to connect the alleged defect with the defendant. In order to do that, plaintiff had to overcome testimony in the case that it might have been a third party who delivered the bottle or show that the third party did not mishandle the bottle."

I disagree. The circumstances in which the injury occurred were such that they supported a reasonable inference that the manufacturer, and not the distributor, was at fault. The manufacturer delivered a packaged product to the distributor who delivered it to plaintiff's employer. There is testimony of no mishandling after receipt of the beer by the employer. I will assume that a trier of fact would find that the product was defective at the time it exploded, sending shards of glass into plaintiff's eye. We must examine three possibilities: no mishandling by the distributor, some mishandling by the distributor, and gross mishandling by the distributor. The product was defective even if some mishandling occurred. The manufacturer should expect some degree of mishandling by its distributors and consumers. A trier of fact should be able to find a product like a beer bottle defective when it left the factory if the bottle *exploded* when picked up even if some mishandling occurred. This leaves us to consider the possibility of gross mishandling by the distributor. I think a reasonable trier of fact, even without the benefit of expert testimony, can conclude that the chance

that distributor mishandling led to an explosion is of a fairly low order of probability. Accordingly, a trier of fact should be able to infer that it is reasonably probable that the defect existed when the product left the bottler's control.

It is also important to consider the practical effects of a requirement that plaintiffs prove that no gross distributor mishandling occurred in an "exploding bottle" case. It seems highly improbable that either party will be able to present substantial direct evidence of mishandling. In most "exploding bottle" cases, the presentation of evidence on the handling of a bottle that exploded will be a formal exercise substantially unrelated to the probability that a defect existed in the product when it left the manufacturer's control.

I would remand to the trial judge for consideration of the facts in light of the correct legal standard set forth in *Holloway, supra.*