# THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK,

COMMENCING DECEMBER, 1892.

---

CLOSE *v.* POTTER.

CLOSE *v.* BEALS.

CLOSE *v.* MILLRING.

(Buffalo Superior Court — General Term, December, 1892.)

In May, 1892, plaintiff recovered judgment against a corporation organized under the Manufacturing Act (Laws 1848, chap. 40), upon its note given for money loaned and after the return of an execution thereon wholly unsatisfied, brought action against defendants as stockholders. Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and contended that the act of 1848, chapter 40, under which the corporation giving the note was organized, had been repealed by chapter 564 of the Laws of 1890. *Held,* that the act of 1890, was substantially the same as the corporation laws which it was intended to supersede; and that as the repealing clause of the act of 1890, took effect simultaneously with the re-enactment of the statute it did not affect existing corporations except so far as it amended or modified the law under which they were incorporated. Demurrer overruled.

DEMURRER to complaints. The opinion states the case.

*Simon Fleischmann,* for plaintiff.

*Frank F. Williams,* for defendant.

TITUS, Ch. J. The above cases, involving the same question, were all argued at the same time. But one brief was furnished, that in the case of Charles J. Close against Edward

W. Potter. The questions arose upon a demurrer to the plaintiff's complaint. The plaintiff, in his complaint, claims that on the 12th day of December, 1887, the American Bit Brace Company was organized under the act to authorize the formation of corporations for manufacturing, mining, mechanical or other purposes, passed February 17, 1848; that the capital stock of the company is $50,000, but that the whole amount of the stock has not been paid in, and that no certificate has ever been filed as required by law; that on the 2d day of January, 1892, $10,000 was advanced and loaned to the company, it in return giving its note for that amount, and that the plaintiff is the owner and holder of it; that after the note became due, and on May 23, 1892, the plaintiff brought an action against the American Bit Brace Company on the note, and recovered a judgment for the amount, with interest and costs; that the judgment was docketed and execution issued to the sheriff of Erie county, where the company has its place of business, and the same was returned wholly unsatisfied; that at the time the debt was contracted by the company, the defendant Potter was a stockholder to the amount of $2,400, and demands judgment for $2,400.

The defendant demurs to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The only question which the defendant raises by the demurrer in his brief, is that chapter 40 of the Laws of 1848, which is the act under which the American Bit Brace Company was incorporated, has been repealed, and the corporate existence of the company, after the revision of the Corporation Laws took effect, namely on May 1, 1891, has ceased, and that at the time this debt was incurred on the 2d day of January, 1892, the company had no legal existence, and consequently no authority to create any liability against the company upon which a stockholder can be held.

By section 10 of the act of 1848 " stockholders shall be severally individually liable to the creditors of the company of which they are stockholders to an amount equal to the amount of stock held by them respectively for all debts and

contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in." Section 24 of the same act provides : " No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due, and no suit shall be brought against any stockholder who shall cease to be a stockholder in any such company for any debt so contracted, unless the same shall be commenced within two years from the time he shall have ceased to be a stockholder in such company."

In 1889, the legislature passed an act (Chap. 289), to revise and consolidate the general statutes of the state relating to the organization, government and control of corporations, and other statutes. In 1890, the commission appointed in pursuance of this act, reported to the legislature various acts relating to corporations. These acts, on examination, appear to be substantially the same as the corporation laws which they are intended to supersede; in some instances amendments have been introduced and modifications made to the language used in former acts.

These acts are practically a consolidation and revision of the statutes of the state, evidently following a systematic plan adopted by the revisers.

Chapter 564 of the Laws of 1890, is the act which has reference to stock corporations, and is the only one which it is necessary to consider here. Section 72, relating to the construction of the act, provides that the act " shall be construed as a continuation of such laws, modified or amended, and not as a new enactment." By this, chapter 40 of the Laws of 1848 is repealed. Section 57 is a re-enactment of section 10 of chapter 40 of the Laws of 1848, with a slight amendment. It provides : " The stockholders of every stock corporation shall jointly and severally be personally liable to the creditors to an amount equal to the amount of stock held by them

respectively for all debts and contracts made by the corpora-
tion until the whole amount of its capital stock shall have
been paid in." Section 58 is a re-enactment of section 24 of
the act of 1848, and provides that "no stockholder shall be
personally liable for any debt of the corporation not payable
within two years from the time it is contracted, nor unless an
action for its collection shall be brought against the corporation
within two years after the debt becomes due."

It will be seen that the only changes made in these sections
are that, while the act of 1848 made the stockholders severally
liable, the act of 1890 created a joint and several liability, and
instead of the stockholder being liable for the debt of the cor-
poration not payable within one year, the amendment extends
it to two years, and the same is true of the right to bring an
action against the corporation, being extended to two years,
instead of one, as provided in the act of 1848.

Section 72 provides what construction shall be placed upon
the act itself, namely, that it shall be considered as a continua-
tion of such laws, modified or amended, and not as a new
enactment. This of itself is sufficient authority for holding
that the law of 1848, was not repealed by the act of 1890, so
as to affect companies organized under it.

Independently of this saving clause, it cannot be presumed
that the legislature intended to repeal the act under which the
American Bit Brace Company was incorporated, in the sense
that it is now without corporate existence and not subject to
the general law governing corporations. Such a construction
would work great harm and confusion to the business interests
of the state, and is not to be so construed unless it can be
clearly seen that the legislature intended such a result. It is
rather to be construed in harmony with the general policy of
the legislature to revise and consolidate the general statutes,
re-enacting and continuing them, without affecting the rights
of corporations organized under them. The repealing clause
of the act took effect simultaneously with the re-enactment of
the statute, and did not affect existing corporations, except so
far as it amended or modified the law under which they were

incorporated. *People ex rel. Uelrich* v. *Bell*, 4 N. Y. Supp. 869.

The only change made by the new act, so far as it is applicable here, was to make stockholders jointly and severally liable, when before they were severally liable, and extending the limit to debts not to be paid within two years from the time such debts became due.

The debt which is sought to be recovered here, originated in January, 1892, and is subject to the new provisions of the new act. The change in limitation made by the act of 1890, does not affect the question here, because it enlarges the time in which a party may act, and either under the act of 1848, or 1890, the plaintiff has commenced his action in time. The debt was payable within one year from the time it was contracted, and the year has not elapsed. The action was commenced on the note on the 23d of May, 1892, less than five months from the time the note was given.

The legislature of 1892, by chapter 688, re-enacted the act of 1890, without any essential change in the language of the statute, and did not, except by implication, repeal the act, but by chapter 677 of the same year, section 32, it was enacted that so far as the revised act was substantially the same as the statute existing at the time the act takes effect, it shall be construed as a continuation and not as a new enactment, so that in any event the acts of 1892, can have no effect upon the rights of the party to this action, because the statute itself has provided a rule of construction which the court must follow.

This would be so in the absence of the continuing act. The rights of the parties had become fixed before the act took effect, and the defendant's liability must be measured by the law as it stood when the debt was contracted, and no act of the legislature can have the effect to change or affect the existing liability. *People* v. *Supervisors of Westchester Co.*, 4 Barb. 64; *Conant* v. *Van Schaick*, 24 id. 87; *Story* v. *Furman*, 25 N. Y. 214; *Town of Cherry Creek* v. *Becker*, 123 id. 161.

The claim made by the defendant that by chapter 567 of

the Laws of 1890 corporations may reorganize, and that the American Bit Brace Company has not reorganized under that act and has no legal existence, is not well taken. It has already been seen that no reorganization was necessary, that the act was not repealed so as to affect the rights of corporations organized under it, but chapter 567 of the Laws of 1890 has reference especially to business corporations, and not to such as are organized under the Stock Corporation Law of 1848. Besides the language is permissive. The statute leaves it optional with the stockholders whether they will reorganize or not, and in case the corporations provided for under that act did not reorganize, their corporate existence is not offered by such lack of reorganization. The cases cited by the defendant to sustain this proposition are not applicable, for the reason, as has been said, that corporations organized under the act of 1848 are not affected by the repealing clause of the act of 1890.

The defendant claims that the Stock Corporation Laws of 1890 were expressly repealed by chapter 687 of the Laws of 1892. I do not find such to be the case, unless it is by implication. Undoubtedly the act of 1890, has been superseded by the more recent act of the legislature; but assuming that it is repealed, I do not think it helps the defendant in his contention, for the same reason which has been stated with reference to the effect of the act of 1890 upon the act of 1848. But by chapter 677 of the Laws of 1892, known as the Statutory Construction Act, section 31, it is provided that the repeal of a statute shall not affect or impair any act done, or right accrued, or liability incurred, but that the same may be asserted and enforced as fully and to the same extent as if such repeal had not been effected. These revision acts of 1892, were all passed and took effect on the same day, and they should all be construed together, as such evidently was the intent of the legislature.

This disposes of the questions raised by the defendant, and if the law has been correctly stated, it leads to the conclusion that the demurrer is not well taken. I think, therefore, that

the demurrer should be overruled, with leave to the defendant within twenty days to answer, on payment of costs.

Demurrer overruled.