97 N.J. Super. 279 (1967)
235 A.2d 37
JUNE STRELECKI, ACTING DIRECTOR OF THE DIVISION OF MOTOR VEHICLES IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER L. COAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1967.
Decided October 26, 1967.
*281 Before Judges KILKENNY, CARTON and MATTHEWS.
Mr. William C. Baggitt argued the cause for appellant (Messrs. Baggitt and Stonaker, attorneys, Mr. Joseph L. Stonaker on the brief).
*282 Mr. Remo M. Croce, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KILKENNY, J.A.D.
William Coan appeals from an order of the Director of the Division of Motor Vehicles revoking his automobile driving privileges for six months because of his refusal to submit to the breath alcohol determination test provided for in N.J.S.A. 39:4-50.2.
Coan's primary contention is that he was not placed under arrest until after his refusal to submit to the test, whereas N.J.S.A. 39:4-50.4 makes the six months' revocation sanction applicable only if the motorist is first arrested and then refuses to submit to the test.
There is substantial evidence in the record to support the Director's finding that Coan refused to submit to the breath test after he had been arrested. Officer Bellow of the Princeton Borough police department testified that on October 18, 1966, at about 2:20 A.M., he observed Coan's automobile being driven erratically. The officer stopped it on Williams Street in Princeton and requested Coan's driver's license and auto registration certificate. The latter had great difficulty in getting them out of his wallet and gave the appearance of being intoxicated. When getting out of his car he fell against the police officer and had to be supported by him. There was a strong odor of alcohol on his breath. His speech was slurred and rambling.
Officer Bellow testified that Coan was then arrested and taken to the borough hall, where he was advised of his rights under the law. When Coan was then requested to submit to the breath test, he refused to do so. The police report confirms that the arrest was at 2:20 A.M. and refusal to take the test was at 2:35 A.M. Upon that refusal a summons was issued charging defendant with drunken driving, in violation of R.S. 39:4-50. Report of the refusal was made by *283 the police to the Division of Motor Vehicles, with the resultant notification of revocation and administrative hearing.
It is clear from the foregoing that Coan had been placed under arrest when he was taken into custody by the police officer and brought to the borough hall. Coan did not testify at the hearing. As we said in State v. Harbatuk, 95 N.J. Super. 54 (App. Div. 1967):
"From that moment on defendant's movements were restricted and he was being held in custody for the purpose of `securing the administration of the law.' Restatement, Torts 2d, § 112, p. 190 (1965). The fact that defendant did not protest but agreed to go along did not alter his status as a person in custody." (at p. 60)
Officers are not required to make any formal declaration of arrest or apply manual force in order to "arrest" a person. An arrest may be accomplished by any act that indicates an intention to take the person into custody and subject him to the control and will of the person making the arrest. Commonwealth v. Bosurgi, 411 Pa. 56, 190 A.2d 304, 311 (Sup. Ct. 1963), certiorari denied 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed. 149 (1963).
When Officer Bellow advised Coan that he was unfit to operate his automobile and must accompany him to the borough hall, Coan was then under arrest, although the formal charge of drunken driving was not made until later. Coan offered no testimony contradictory of the police officer's testimony. His refusal to submit to the breath test after that arrest subjected him to the statutory sanction.
Coan's second ground for reversal is that his arrest was "unlawful" since there was no warrant and the arrest allegedly did not comply with the provisions of N.J.S.A. 39:5-25.
Coan concedes that under N.J.S.A. 39:5-25 a police officer may arrest without a warrant any person "violating in his presence" any provision of chapter four of Title 39, "Motor Vehicle and Traffic Regulations," including R.S. 39:4-50, drunken driving. But he argues that his subsequent *284 acquittal of the drunken driving charge established that no offense had been committed in the presence of the police officer. From this he concludes that his arrest was unlawful ab initio and, therefore, his refusal to submit to the breath test was justified and he did not violate the statute.
An arrest without a warrant on the basis of an offense committed in the presence of the arresting officer is a lawful arrest so long as the officer had reasonable grounds to believe that the law was being violated. Subsequent acquittal does not per se convert such a lawful arrest into an unlawful one ab initio.
Moreover, N.J.S.A. 39:4-50.2 expressly refers to the request for the breath test by a police officer "who has reasonable grounds to believe that such person has been operating a motor vehicle in violation of the provisions of section 39:4-50 of the Revised Statutes." N.J.S.A. 39:4-50.4 reiterates this concept when it requires the officer to specify in his report of a motorist's refusal to submit to the test "the circumstances surrounding the arrest and the grounds upon which his belief was based that the person was driving" in violation of R.S. 39:4-50. N.J.S.A. 39:4-50.4 further provides that one of the issues at the Director's hearing shall be "whether the arresting officer had reasonable grounds to believe" that the driver of the motor vehicle was operating it under the influence of intoxicating liquor. Thus, the statute makes it clear by its very language that the yardstick for making the arrest for driving while under the influence of intoxicating liquor and requesting the motorist to submit to the test is whether the arresting officer "had reasonable grounds to believe" that the driver was operating a motor vehicle in violation of R.S. 39:4-50. The facts established the existence of such reasonable grounds, as the Director properly found.
In Combes v. Kelly, 2 Misc.2d 491, 152 N.Y.S.2d 934 (Sup. Ct. 1956), the motorist advanced the same argument made here. The court described the argument as "ingenious" but nevertheless "strained and tortuous." It noted that the *285 New York statute, comparable to our own, must be given a reasonable interpretation. So, too, in Anderson v. MacDuff, 208 Misc. 271, 143 N.Y.S.2d 257 (Sup. Ct. 1955), the court ruled that a prior acquittal of a charge of driving while intoxicated would not preclude a subsequent license revocation where the person refused to submit to the test when he was arrested. In accord, State v. Muzzy, 124 Vt. 222, 202 A.2d 267 (Vt. Sup. Ct. 1964). In Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N.W.2d 75 (Neb. Sup. Ct. 1961), the court summed up the rule as follows:
"The fact of acquittal of a criminal charge of operating a motor vehicle while under the influence of intoxicating liquor does not have any bearing upon a proceeding before the director for the revocation of a driver's license under the provisions of law separate and distinct from criminal statutes."
We subscribe to that view. See Atkinson v. Parsekian, 37 N.J. 143 (1962).
We are aware that in Colling v. Hjelle, 125 N.W.2d 453 (N.D. Sup. Ct. 1963), the majority of that court adopted the argument made by Coan herein. We find the dissent therein more persuasive and consistent with the more generally accepted view as expressed above. If the legality of the arrest and the applicability of N.J.S.A. 39:4-50.2 and 50.4 were made to depend upon the conviction of the motorist of a violation of R.S. 39:4-50, the purpose of this legislation would be frustrated and its efficacy would be destroyed. Laws should be reasonably interpreted to effectuate their purpose. State v. Gill, 47 N.J. 441, 444 (1966).
The Director's order under review is affirmed.