**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5581-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MANUEL S. RIVEIRO,

    Defendant-Appellant.

_____

Argued October 7, 2020 – Decided October 29, 2020

Before Judges Ostrer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 19-24.

Michael B. Cooke argued the cause for appellant.

Lauren R. Casale, Assistant Prosecutor, argued the cause for respondent (Michael H. Robertson, Somerset County Prosecutor, attorney; Lauren R. Casale, of counsel and on the brief).

PER CURIAM

Defendant Manuel S. Riveiro appeals from his July 9, 2019 Law Division conviction for driving while under the influence (DUI), N.J.S.A. 39:4-50(a) and for DUI within 1000 feet of a school property, N.J.S.A. 39:4-50(g)(1).[1] We affirm.

On June 9, 2018, at approximately 10:03 p.m., Officer Dylan Cote responded to a possible one-car accident near the intersection of Mountain Avenue and Stirling Road in Warren, New Jersey. When Officer Cote arrived at the scene, he observed tire marks on the roadway, tracks going off into the grass, and a disabled vehicle in the middle of the roadway on Mountain Avenue. Officer Cote approached the driver's side of the disabled vehicle and asked defendant to roll down his window. Defendant was in the driver's seat with the keys in the ignition and the headlights on.

When defendant spoke to Officer Cote, the officer immediately detected a strong odor of alcohol emanating from defendant's vehicle. The officer also noted that defendant's responses to his questions about the accident were slow,

---

[1] Effective December 1, 2019, subsection (g) of N.J.S.A. 39:4-50 has been deleted. "Thus, no defendant may be newly charged with the specific charge of driving while intoxicated in a school zone on or after December 1, 2019." Administrative Directive #25-19, "Implementation of New DWI Law" (Dec. 4, 2019).

slurred and difficult to understand. Also, defendant had no recollection of where he was or that he was involved in an accident.

The officer asked defendant to step out of his car and when defendant complied, he had difficulty keeping his balance. He grabbed onto the car for support to keep from falling. The officer noticed defendant's eyes were bloodshot and watery, and that his lids were droopy.

Upon examining the exterior of defendant's car, Officer Cote noticed damage to the front bumper and one side of the vehicle. Additionally, he saw a long, continuous trail of motor oil which had leaked from defendant's car. The trail led back to a damaged speed limit sign, which was the initial point of impact. Additionally, the officer saw tire marks leading back to the intersection of Mountain Avenue and Stirling Road.

Sergeant Robert Ferreiro joined Officer Cote on scene and independently witnessed roadway debris on the ground, as well as a trail of motor oil on the road. Officer Cote briefed him about his preliminary observations.

As Sergeant Ferreiro began his investigation, he detected a strong odor of alcohol coming from defendant, noticed his "bloodshot, watery eyes," and defendant's inability to maintain his balance. The officer asked defendant to submit to standardized field sobriety tests (FSTs), starting with an alphabet test,

which defendant failed. Defendant also volunteered that he had consumed eight beers at a bar. Defendant was arrested and escorted to police headquarters. En route to police headquarters, Officer Cote again noticed defendant's slurred speech and a strong odor of alcoholic beverage emanating from the backseat of his patrol vehicle.

At police headquarters, defendant submitted to an Alcotest. His blood alcohol content from the test was 0.28, more than three times the legal limit. In addition to being charged with DUI and DUI within 1000 feet of school property, defendant was ticketed for maintenance of lamps, N.J.S.A. 39:3-66, traffic on marked lanes, N.J.S.A. 39:4-88, reckless driving, N.J.S.A. 39:4-96, careless driving, N.J.S.A. 39:4-97, failure to report an accident, N.J.S.A. 39:4-130, and failure to exhibit license and registration, N.J.S.A. 39:3-29.

Officer Cote and Sergeant Ferreiro testified on behalf of the State at defendant's municipal trial. During Sergeant Ferreiro's testimony, defendant objected to the State's introduction of a map to show that the crash occurred next to the Woodland Elementary School. The municipal judge sustained the objection, due to the State's failure to provide the map to defendant during discovery. Sergeant Ferreiro then testified that he had an opportunity to make a

determination as to where defendant's car had its "initial point of impact." He was asked if he was able to determine whether defendant operated his vehicle within 1000 feet of the school, to which he replied, "Well within 1[]000 feet, yes." Additionally, the officer confirmed the school property was on the southeast corner of Stirling Road and Mountain Avenue, adjacent to the roadway. The municipal judge credited this testimony, given the officer's training and lengthy experience as an officer in Warren Township.

At the conclusion of the municipal trial, the judge found defendant guilty of DUI, DUI within 1000 feet of school property, and traffic on marked lanes. The judge dismissed the motor vehicle summonses for maintenance of lamps, failure to exhibit license and registration, and failure to report an accident. Further, the judge merged the reckless and careless driving offenses with the DUI charge.

Before he was sentenced, defendant argued that he should not be treated as a third-time DUI offender, absent proof from the State that his 2008 DUI conviction was not a "Dennis" case, as referenced in State v. Cassidy, 235 N.J. 482 (2018).[2] If this proved to be true, defendant argued he should reap the

_____

[2] Trooper Marc W. Dennis was a former coordinator in the New Jersey State Police's Alcohol Drug Testing Unit who was criminally charged for "neglecting

benefit of a "stepped-down" sentence as a first-time offender, since his first DUI offense occurred in 1996.[3] To address this issue, the State advised that it had requested but had not received proof that defendant's case was not a "Dennis" case. Further, the municipal judge reviewed defendant's driver's abstract, which referenced defendant's prior DUI convictions from 1996 and 2008, and he confirmed through a judiciary website that defendant's 2008 DUI conviction in South Brunswick municipal court was not listed as a "Dennis" case. Additionally, the Warren Township municipal court administrator independently verified that defendant's 2008 DUI conviction was not on the "Dennis" list. Defense counsel asked to see the information the judge obtained from the judiciary website and the judge immediately provided it to counsel.

---

to take required measurements and having falsely certified that he followed the calibration procedures" when performing semi-annual calibrations on Alcotest instruments. Cassidy, 235 N.J. at 486. The Court held that defendants affected by Trooper Dennis's false reports could seek relief. Id. at 498.

[3] "N.J.S.A. 39:4-50 prescribes the penalties that may be imposed on a defendant for a first, second, and third or subsequent DUI offenses." State v. Revie, 220 N.J. 126, 128 (2014). It also includes a "step-down" provision which states: "if the second offense occurs more than [ten] years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than [ten] years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes." N.J.S.A. 39:4-50(a).

After reviewing the requested information, defense counsel raised no objections to the judiciary website information.

As the judge was satisfied defendant should be sentenced as a third-time DUI offender, he imposed the standard fines and penalties, suspended defendant's driver's license for ten years for defendant's violation of N.J.S.A. 39:4-50, and an additional year for the school zone offense. Additionally, the judge sentenced defendant to six months in jail for the DUI and a consecutive sixty-day term for the school zone offense.

Defendant appealed from his conviction and sentence, and a de novo trial occurred in the Law Division on June 26, 2019. During that hearing, defendant again challenged the validity of his arrest, and raised an objection to being sentenced as a third-time offender due to the State's failure to establish his 2008 conviction did not stem from a "Dennis" issue. Further, he argued Sergeant Ferreiro's testimony about the 1000 feet requirement for a school zone violation was a "net opinion" which could not support the school zone conviction. On July 9, 2019, the Law Division judge issued a comprehensive, well-reasoned written opinion, finding defendant guilty of the DUI and school zone violations. She found defendant's arrest was proper, as it was based on probable cause, so that no arrest warrant was needed. She also found defendant was guilty of

A-5581-18T1

violating N.J.S.A. 39:4-50(g)(1), based on Sergeant Ferreiro's testimony that "Woodland Elementary School is on the southeast corner of St[i]rling Road and Mountain Avenue - the corner where defendant's vehicle had its point of impact." Finally, the Law Division judge rejected defendant's "Dennis" argument, as the municipal judge "received confirmation that [d]efendant's 2008 South Brunswick conviction was not a case where Trooper Dennis was involved in the calibration of the instruments used to convict" defendant, noting this information was available on the judiciary website and independently verified between the Warren Township and South Brunswick Municipal Court Administrators.

On the instant appeal, defendant renews the arguments he previously advanced without success, as follows:

> **POINT I**: THE STATE FAILED TO PROVE OPERATION OF THE VEHICLE BEYOND [A] REASONABLE DOUBT; ACCORDINGLY, ALL CONVICTIONS BASED UPON OPERATION SHOULD BE DISMISSED.
>
> **POINT II**: DEFENDANT'S ARREST WAS INVALID, BECAUSE THE OFFICER WHO ARRESTED DEFENDANT AND SIGNED AND ISSUED THE SUMMONS[ES] DID NOT OBSERVE OPERATION OF THE VEHICLE AND DID NOT OBTAIN A WARRANT PER [N.J.S.A.] 39:5-25; ACCORDINGLY, ALL CHARGES BASED THEREUPON SHOULD BE DISMISSED.

**POINT III**: THE STATE FAILED TO PROVE OPERATION WITHIN 1[]000 [FEET] OF A SCHOOL ZONE IN VIOLATION OF [N.J.S.A.] 39:4-50(G)(1).

**POINT IV**: THE STATE FAILED TO MEET ITS AFFIRMATIVE OBLIGATION TO PRODUCE CALIBRATION DOCUMENTS TO MEET ITS BURDEN TO PROVE A PRIOR DUI AS A PREDICATE FOR AN ENHANCED SENTENCE.

**POINT V**: IF THIS COURT SUSTAINS DEFENDANT'S [N.J.S.A.] 39:4-50 AND/OR [N.J.S.A.] 39:4-5[0](G)(1) CONVICTIONS BASED UPON THE JUNE 9, 2018 INCIDENT, BUT FINDS THAT DEFENDANT'S 2008 CASE CANNOT BE USED AS THE PREDICATE TO ENHANCE PUNISHMENT AS A THIRD DUI, DEFENDANT SHOULD BE SENTENCED AS IF THE PRESENT OFFENSE IS A FIRST DUI.

**POINT VI**: THIS COURT SHOULD APPLY DEFENDANT'S [NINETY] DAYS IN JAIL SERVED ON THIS OFFENSE TO ANY FINE OR TERM OF INCARCERATION IF THIS MATTER IS RESENTENCED UNDER A LOWER LEVEL OF SENTENCE.

Having carefully reviewed these arguments, we are not persuaded.

As a threshold matter, we are mindful that on appeal from a municipal court to the Law Division, the review is de novo on the record. R. 3:23-8(a)(2). The trial court must make independent "findings of fact and conclusions of law but defers to the municipal court's credibility findings." State v. Robertson,

228 N.J. 138, 147 (2017).  Our review of a de novo conviction in the Law Division following a municipal court appeal is "exceedingly narrow."  State v. Locurto, 157 N.J. 463, 470 (1999).  Unlike the Law Division, we do not independently assess the evidence.  Id. at 471-72.  The "standard of review of a de novo verdict after a municipal court trial is to 'determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering the proofs as a whole."  State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146 (1964)).

The rule of deference is more compelling here, where the municipal and Law Division judges made concurrent findings.  Locurto, 157 N.J. at 474. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error."  Ibid. (citation omitted).  However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Guided by these standards, we are satisfied defendant's contention that the State failed to prove beyond a reasonable doubt that he operated a car while intoxicated lacks merit. "A person who operates a motor vehicle while under the influence of intoxicating liquor . . . or operates a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood" is guilty of DUI. N.J.S.A. 39:5-40(a). The term "operates" as used in the statute "must be given broad construction," and a defendant need not be seen driving a vehicle in order to be convicted of DUI. Ebert, 377 N.J. Super. at 10. "Operation may be proved by any direct or circumstantial evidence – as long as it is competent and meets the requisite standards of proof." State v. George, 257 N.J. Super. 493, 497 (App. Div. 1992). See State v. Thompson, 462 N.J. Super. 370, 375 (App. Div. 2020) (confirming that "operation . . . may . . . be established 'by observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving while intoxicated.'" (quoting Ebert, 377 N.J. Super. at 11)).

Here, Officer Cote testified that when he first arrived at the scene of the accident, he observed tire marks in the roadway, tracks in the grass, a stationary vehicle with the defendant in the driver seat, his keys in the ignition and his headlights on. Further, both officers testified that defendant smelled of alcohol,

11

slurred his speech and had watery, bloodshot eyes. Each officer also noted defendant's damaged vehicle was found in the road, and there was a continuous trail of motor oil on the road leading back to his car. Moreover, defendant failed the FSTs. As the municipal and Law Division judges credited the officers' testimony, we are satisfied there was ample evidence to find defendant operated his vehicle while intoxicated.

Regarding the validity of defendant's arrest, we note that "[a] law enforcement officer may arrest without a warrant any person who the officer has probable cause to believe has operated a motor vehicle in violation of [N.J.S.A.] 39:4-50." N.J.S.A. 39:5-25. "'Probable cause' for an arrest exists where a police officer has a well-founded suspicion or belief of guilt. That suspicion or belief may constitute something less than the proof needed to convict and something more than a raw, unsupported suspicion." State v. Wanczyk, 201 N.J. Super. 258, 266 (App. Div. 1985). "In determining whether there was probable cause to make an arrest, a court must look to the totality of the circumstances and view those circumstances 'from the standpoint of an objectively reasonable police officer.'" State v. Basil, 202 N.J. 570, 585 (2010) (quoting Maryland v. Pringle, 540 U.S. 366, 371 (2003)). In the context of an arrest for DUI, "the yardstick of making [an] arrest . . . is whether the arresting officer 'had reasonable grounds

to believe that the driver was operating a motor vehicle in violation [of N.J.S.A. 39:4-50].'" State v. Moskal, 246 N.J. Super. 12, 21 (App. Div. 1991) (quoting Strelecki v. Coan, 97 N.J. Super. 279, 284 (App. Div. 1967)).

Here, the arresting officer, Sergeant Ferreiro, personally observed defendant's car in the middle of the roadway with a continuous trail of motor oil from the point of impact leading to defendant's vehicle. Further, the officer detected the odor of alcohol emanating from the defendant, saw he had bloodshot, watery eyes, could not keep his balance, and failed the FSTs. Furthermore, defendant admitted to drinking eight beers that night at a bar. Under these circumstances, we agree with the Law Division judge that Sergeant Ferreiro had probable cause to arrest defendant on suspicion of DUI. See George, 257 N.J. Super. at 496-97 (finding that a heavy odor of alcohol creates probable cause for a DUI arrest); Moskal, 246 N.J. Super. at 20-21 (finding the arresting officer had probable cause to believe defendant was operating a motor vehicle while intoxicated because a strong odor of alcohol emanated from the defendant, he admitted to drinking, defendant's face was flushed and his eyes were drooping).

We also find no merit in defendant's claim that the State did not meet its burden in proving the school zone violation. N.J.S.A. 39:4-50(g) permitted, but

13                                                                          A-5581-18T1

did not require, the introduction of a certified map to prove the school zone element of the violation. When N.J.S.A. 39:4-50(g) was in effect, it provided that "[a] map or true copy of a map depicting the location and boundaries of the area on or within 1[]000 feet of any property used for school purposes . . . may be used in a prosecution under paragraph (1) of this subsection." Accordingly, to meet its evidentiary burden that a defendant operated a vehicle while intoxicated within 1000 feet of school property, the State was not required to introduce a map of the subject area into evidence. Moreover, given the specific details Sergeant Ferreiro provided at trial, the Law Division judge was free to accept the testimony of this trained veteran officer when he confirmed that Woodland Elementary School was "well within 1000 feet" of where defendant operated his vehicle in an intoxicated state.

Finally, we are not persuaded that defendant should be resentenced because the State failed to produce the calibration documents from his 2008 DUI conviction. Likewise, we do not agree he should be resentenced as a first-time DUI offender, with the added benefit of accrued jail credits.

The purpose of producing the calibration documents is to ensure no defendant convicted of DUI is subjected to enhanced penalties based on flawed, unreliable calibrations from Trooper Dennis. Here, the State requested, but was

unable to obtain the calibration documents involved in defendant's 2008 DUI conviction from South Brunswick. However, the municipal judge appropriately took notice of information set forth on the judiciary website to confirm that defendant's 2008 conviction did not involve Trooper Dennis. N.J.R.E. 201(b). His court administrator also independently verified this evidence. Moreover, defense counsel reviewed this information prior to sentencing and raised no claims to contest its accuracy. Accordingly, we perceive no basis to modify defendant's sentence as a third-time offender.

To the extent we have not addressed defendant's remaining arguments, we find they do not warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5581-18T1